Thomas A. Aurelio, J.
Eelator brings on this writ of habeas corpus for an order granting him visitation rights and custody of his infant son, Steven B. Poland, who soon will be 11 years of age. It appears a final judgment of divorce between the parties was entered in this court, June 18,1946, and sole custody of the infant, then one year of age, was given to his mother, defendant herein. Eelator was directed to pay defendant the sum of $10 weekly for the support of the infant, and except for very few payments, relator has failed to comply with the order of this court. Eelator admits he has not seen his child for the past six and one-half years, and gives as an excuse for- staying away that he was afraid of being arrested for having failed to make the required payments for the support of his child. He remarried March 23,1947, and claims his financial condition prevented him from paying. Defendant married in 1951 and is now living happily with her second husband and the infant. With the consent of both sides, I interviewed the infant in the antechambers of the courtroom for about 20 minutes in the absence of the parties or their attorneys. The infant is a bright, alert and intelligent boy; and he stated that he has never seen his father, does not know what he looks like and does not care to visit with him; that he is happy with his stepfather who is very kind and good to him.
Defendant contends relator brought on this writ after she started proceedings in March of this year for the entry of a judgment against him for arrears of alimony and support and maintenance of the infant and that relator’s sudden desire to obtain visitation rights, after having abandoned the infant for many years, is for the sole purpose of harassing her and to force her to accept a smaller sum in settlement of the arrears. Defendant also contends that the sudden appearance of relator, as the father of the infant, at this late date, is bound to affect the child psychologically and mentally. This contention is not without merit, when considered in connection with the firm refusal of the infant to see or have anything to do with his father. Eelator claims that because he “ is presently living up to his obligation to continue the support of the said child ” the right of visitation cannot be refused him. This is not the law. The paramount consideration is the welfare of the child (see Matter of Bock, 280 N. Y. 349; Matter of Gustow, 220 N. Y. 373; Matter of Heller, 54 N. Y. S. 2d 734).
*643 Upon the entire record before me, I conclude that it will be for the best interests of this infant to deny visitation rights to the relator. Accordingly, the writ is dismissed, with $10 costs.