■ SHELIA A. GALLAHER et al., Appellants, v. ALBERT J. BENCENE, Respondent.— Appeal held, decision reserved and matter remitted to Niagara County Family Court for further proceedings in accordance with the memorandum herein. Memorandum: Family Court awarded custody of the children to the father "for a temporary period of 120 days —— under Court supervision and subject to the further orders of this Court" and stated that it "retains exclusive jurisdiction over this matter to enter any further final or modifying order in respect of the custody". We construe this decision to mean that the court granted the father temporary or probationary custody for this limited period and at the expiration of that time would hold a further hearing to examine and evaluate the welfare and experiences of the children during this period before making a final disposition as to custody. This period expired on December 22, 1966 and a further hearing should be had forthwith to examine fully the situation as it exists at this time. The order provided that the court would assign a child welfare caseworker in South Carolina, in the city of the residence of the father, "to supervise said children's adjustment" in the father's home. A report from this caseworker should be made to the court as a part of the new hearing. In addition to the examination of the parties the court should further interrogate the children as to their experience in the father's home and elicit their wishes as to the place in which they would prefer to live. While the opinion of such young children should not be conclusive, it may well be a factor in the court's determination. Any report of any social or welfare agency, as well as the interview with the children, should be made available to both parties, unless by stipulation the parties waive the receipt of such matters (*Kesseler* v. *Kesseler*, 10 N Y 2d 445). Once the court has made a determination after this directed new hearing, the matter should be remitted to this court. Both parties may submit supplementary briefs and make further argument upon the calendar date of the matter in this court, after which we will make our decision. (Appeal from order of Niagara Family Court modifying custody provisions of Connecticut divorce decree.) Present — Bastow, J. P., Goldman, Del Vecchio and Marsh, JJ.