THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES W. "HH"*, on Behalf of CAROL E. "HH",* and THOMAS K. "HH"*, Respondent, v ETHEL B. "HH",* Appellant.

Third Department, October 23, 1975

* Names used herein are fictitious for purposes of publication.

*Crystal, Manes & Rifken (Sidney L. Manes* of counsel), for appellant.

*James M. Kerrigan* for respondent.

KOREMAN, J. Petitioner and appellant were married in 1951, had two children (a daughter born August 19, 1958, and a son born April 14, 1962), and were divorced in 1971 by a Maryland decree of divorce. The terms of a separation agreement were incorporated in the divorce decree, which gave custody of the children to appellant with visitation privileges to petitioner. Alleging noncompliance with the visitation provisions, petitioner commenced this habeas corpus proceeding to determine his visitation rights. Special Term ordered that the provisions of the separation agreement relating to petitioner's rights to visit his daughter be nullified, and any future visitation be with the mutual consent of petitioner and his daughter. It was further ordered that custody of the son be awarded to petitioner, subject to the following conditions:

1. The son was to live with his mother in Ithaca, New York, during the entire school year, half of his Christmas vacation, and all holidays of less than one week in duration.

2. While the son is residing with his mother, petitioner could visit him whenever he desired, as long as his visits did not exceed two days and nights each, and as long as they were outside the mother's home but in the Ithaca vicinity.

3. Upon the son's return to his mother's home for the opening of school in September, 1974, he was to be examined by a court appointed psychologist who was to report to the court on his evaluation of the son at that time.

4. The order with respect to the custody of the son was made subject to review upon application of either parent, or

upon the court's own motion, at any time after October 1, 1974.

Special Term also denied appellant's request for counsel fees.

On this appeal we are concerned only with the award of custody of the parties' son to the petitioner father. Appellant contends that such determination was not made in the best interests of the son; that a guardian ad litem should have been appointed, and that appellant's request for counsel fees should have been granted. The notice of appeal was filed in July, 1974 and the appeal was perfected in June, 1975. The record does not disclose whether any application was made to modify the order appealed from after October 1, 1974, as therein provided. Nor does it appear whether or not an examination and evaluation of the son ordered to be made by the court appointed psychologist after his return to his mother's home ever took place.

This proceeding, commenced by petitioner in April, 1973, terminated June 10, 1974 with an exhaustive and comprehensive decision by Special Term respecting the rights and obligations of the children and of the parties involved. The court arrived at its determination with the expressed hope and expectation that the door would remain open for further compromise, and made specific provision that it be subject to further review. Petitioner and appellant had been living apart, he in the State of Maryland, and she in Ithaca, New York, at the time they entered into a separation agreement. The extensive visitation rights accorded petitioner under the agreement were found by the court to be impractical and impossible to enforce since the parents lived many miles apart, and that it should have been anticipated that the interests and activities of the children as they grew older would preclude the frequent shuttling between parents and the extensive sharing of all vacations and holidays. It appears that within a brief period of time the father's visitation rights were seriously curtailed, and that the last meaningful visitation the children had with their father prior to the commencement of this proceeding was at Christmas, 1972.

At the request of the court an investigation was made of the home conditions and attitudes of the parties by the Tompkins County Probation Department when this proceeding was first commenced, and it also attempted to have the parties arrive

at some agreement concerning the care and custody of the children, without success. The court conducted extensive investigations, interviewing and conferring with the parents and their attorneys, and the children, and, in arriving at its conclusion, considered and was guided by the reports of a psychiatrist and two psychologists.

It is settled that in custody disputes between divorced parents the first concern of the court must be the welfare and the interests of the children, and in case of conflict between the rights of a parent and the best interests of the child, the latter factor must dominate *(Matter of Lincoln v Lincoln,* 24 NY2d 270). In a proceeding such as this, the court is required to give such direction "for the custody, care, education and maintenance of any child of the parties, as, in the court's discretion, justice requires, having regard to the circumstances of the case and the respective parties and to the best interests of the child." Furthermore, such direction may be made "notwithstanding that the court for any reason whatsoever, other than lack of jurisdiction, refuses to grant the relief requested in the action or proceeding." (Domestic Relations Law, § 240.) The statutes also state clearly that there is no prima facie right to custody in either parent. (Domestic Relations Law, §§ 240, 70.) While a child's wishes may be a factor in custody and visitation proceedings, it is not conclusive or controlling in the court's determination. *(Gallaher v Bencene,* 27 AD2d 690.)

Based upon all the facts and circumstances in the present record, we find no grounds for interference with the determination of Special Term. The Justice presiding at Special Term was afforded the opportunity to observe and evaluate the character and attitudes of the parties and the children, conferred extensively with them, and enjoyed a unique position to form an estimate of their qualities. Therefore, unless it could be said that the trier of the facts abused its discretion, or made findings unsupported by the evidence, its determination as to what would best serve the interests of the child should not be set aside. We feel that Special Term's award of custody of the son to the father, under the conditions as set forth, constitutes a proper exercise of discretion and finds ample support in the record.

Under the circumstances, the denial of counsel fees to appellant was not improper *(Mayes v Rhody,* 36 AD2d 681; *Martin v Martin,* 28 AD2d 897). The contention that a guard-

ian ad litem should have been appointed for the children is without merit.

The judgment should be affirmed, without costs.

GREENBLOTT, J. P., MAIN, LARKIN and REYNOLDS, JJ., concur.

Judgment affirmed, without costs.