■ In the Matter of ANN B. MOLIER, Respondent, v JOHN MOLIER, JR., Appellant.—Appeal from an order of the Family Court of Chemung County, entered October 27, 1975. On August 13, 1974, Ann Molier filed a petition with the Chemung County Family Court for the custody of Nanette and Wayne Molier, the children of the parties herein. On September 9, 1974

Ann Molier filed a support petition with the same court requesting support for herself and the two infant children. On December 24, 1974 the Supreme Court, Chemung County, in a divorce action between the parties, ordered all matters as to custody, care, support, control and visitation of the children be referred to the Family Court. A hearing was held on June 2, 1975 and the hearing continued on August 11 and 12, 1975 and September 17 and 18, 1975. Prior to this, on February 21, 1975, attorney Mary Miller was appointed law guardian for the children. During the course of these proceedings the court authorized visitation by the father, under supervision. The visitation took place in June but in July Ann Molier voluntarily entered the hospital for treatment of an emotional collapse and was treated for alcoholism. At this time the probation officer terminated visitation. In August the court again authorized visitation but this time only visitation with Wayne. During visitation on August 30, 1975, Wayne apparently became upset and told his father he was beaten at home by his mother and grandmother. The father took Wayne to the police station in order to have witnesses as to what Wayne was saying. On September 4, 1975 Mrs. Molier took Wayne to a doctor who found no evidence of any child abuse, neglect, or mistreatment. On October 14, 1975 the law guardian filed a report and by an order dated October 27, 1975 the Chemung County Family Court, among other things, denied the father custody and refused him any visitation with his children. It is from this order that the father now appeals. Since we find the procedural grounds urged by petitioner for dismissal of the appeal to be insubstantial, we proceed to a consideration of the merits of the issues raised by the appellant. In arriving at its conclusion as to custody and visitation the Family Court stated that visitation rights were not granted to the father regarding the daughter Nanette on the grounds that forced visitation would be detrimental to her physical health; and that by his disregard for his daughter's comfort, and by his abusive language and behavior in her presence, he had forfeited his right to visitation at the present time. The court stated further that if at a later time Nanette should express a willingness to see her father, then at that time, with her consent, visitation might take place. The father was also denied rights of visitation as to his son Wayne on the grounds that it would not be in the best interest of Wayne; that by his cruelty to his wife in the presence of his children, by his disregard of the children's comfort, by his conduct in regard to their persons and property, the father has forfeited his right to visitation; and that the father has used the visitation time previously granted him to upset his son Wayne, and has attempted to alienate him from his mother who had custody of him. On this appeal, it is contended that the acceptance into evidence and consideration by the Family Court of the investigation made by the law guardian as the primary basis for the court's decision constituted error, and that there is no substantial basis in the testimony for denial of visitation rights to the father. The system of law guardians was established for minors who often require the assistance of counsel to help protect their interests and to help them in expressing their wishes to the court (Family Ct Act, § 241). In the language of the statute, "counsel is often indispensable to a practical realization of due process of law and may be helpful in making reasonable determinations of fact and proper orders of disposition." It is clear, therefore, that the law guardian in this proceeding properly furnished the court with a report of her investigation and conclusions, in the children's interest and so as to make their wishes known to the court, and the Family Court properly considered the law guardian's report in arriving at its determination. Appellant's argument that the court abdicated

its role as the trier of the facts simply because it found the law guardian's position was the correct one is wholly devoid of any merit, and is unsupported by the record. In determining the question of visitation, the best interests of the children is the guiding principle *(People ex rel. "Francois" v "Ivanova"*, 14 AD2d 317). The rights of the children are paramount, and the rights of their parents must, in the case of conflict, yield to that superior demand *(Matter of Lincoln v Lincoln,* 24 NY2d 270; *People ex rel. James "HH" v Ethel "HH",* 49 AD2d 130). The court is required to give such direction "for the custody, care, education and maintenance of any child of the parties, as, in the court's discretion, justice requires, having regard to the circumstances of the case and the respective parties and to the best interests of the child." (Domestic Relations Law, § 240.) Therefore, unless it could be said that the trier of the facts abused its discretion, or made findings unsupported by the evidence, its determination as to what would best serve the interests of the children should not be set aside. The Family Court was afforded the opportunity to observe and evaluate the character and attitudes of the parties and the children, and enjoyed a unique position to form an estimate of their qualities. We conclude that the decision of the Family Court denying visitation rights to the father constitutes a proper exercise of discretion and is amply supported by the record. Order affirmed, without costs. Koreman, P. J., Greenblott, Mahoney, Herlihy and Reynolds, JJ., concur.