In the Matter of JOHN MORGENSTERN, Appellant, v HELEN MORGENSTERN, Respondent.—Appeal from an order of the Family Court of Delaware County, entered June 30, 1976, which denied petitioner's application to modify a separation agreement to grant petitioner reasonable visitation rights to his son, Carl Morgenstern. Petitioner and respondent were married on October 22, 1964 and one child, Carl Morgenstern, was born on May 3, 1966. In December, 1969, petitioner left his wife and son and moved the mobile home where they had been living, and all its possessions from Bloomville, New York, to Carlisle, New York. Respondent and her son moved in with Mrs. Helen Martin, respondent's mother. On April 21, 1971, the parties entered into a separation agreement which provided in paragraph 5 that respondent should have absolute custody of the son, and that petitioner "waives absolutely and forever any rights of visitation and removal of said issue". Both parties were represented by attorneys when the agreement was executed. On July 7, 1971, the parties were divorced. From 1970 to 1973, respondent and her son lived with Mrs. Martin. On September 7, 1973, respondent moved out and relinquished custody of her son to his grandmother, Mrs. Martin. Family Court found that Mrs. Martin has had the burden of bringing up the child since 1969; that the petitioner has had no contact with the child since 1969; and that, in the best interests of the child, the petition for visitation rights was denied. "The day is long past in this State, if it had ever been, when the right of a parent to the custody of his or her child, where the extraordinary circumstances are present, would be enforced inexorably, contrary to the best interest of the child, on the theory solely of an absolute legal right. Instead, in the extraordinary circumstances, when there is a conflict, the best interest of the child has always been regarded as superior to the right of parental custody. Indeed, analysis of the cases reveals a shifting of emphasis rather than a remaking of substance. This shifting reflects more the modern principle that a child is a person, and not a subperson over whom the parent has an absolute possessory interest." (*Matter of Bennett v Jeffreys,* 40 NY2d 543, 546.) In view of the long separation of petitioner and his son, the fact that petitioner provided no support for his son, and the provisions of the separation agreement, the conclusion of Family Court that the grant of visitation would not be in the child's best interest is supported by the record and should not be set aside (*Molier v Molier,* 53 AD2d 996, affd 42 NY2d 803;

*People ex rel. Poland v Poland,* 4 Misc 2d 641). In addition, petitioner voluntarily signed the separation agreement, was represented by his attorney with knowledge of the consequences more than one year after he removed himself from his wife and child, and should be bound by the terms of the agreement. Order affirmed, without costs. Mahoney, P. J., Greenblott, Staley, Jr., Main and Larkin, JJ., concur.