HENRY RECHTSCHAFFER, Respondent, v. JACOB RECHTSCHAFFER, Appellant.— Action to recover damages for breach of contract. From an order denying defendant's motion to dismiss the plaintiff's third amended complaint or, in the alternative to strike out certain allegations in the pleading, defendant appeals. Order insofar as appealed from affirmed, with ten dollars costs and disbursements. No opinion. Close, P. J., Hagarty, Carswell, Adel and Aldrich, JJ., concur.

ANTHONY RUGGIERO, Appellant, v. NORWEGIAN SHIPPING & TRADE MISSION et al., Respondents.— In an action by a longshoreman to recover damages for personal injuries sustained during the course of his employment as the result of the alleged negligence of third persons, plaintiff appeals from a judgment dismissing the complaint in accordance with orders granting motions of defendants to dismiss on the ground that plaintiff had elected to accept compensation under the provisions of the Longshoremen's and Harbor Workers' Compensation Act. (U. S. Code, tit. 33, § 901 et seq.) Appeal dismissed without costs. (See Ruggiero v. Norwegian Shipping & Trade Mission, ante, p. 707, decided herewith.) Close, P. J., Hagarty, Johnston, Lewis and Aldrich, JJ., concur.

MARIAN SEIFFERT et al., Respondents, v. RUTH WAY, Defendant, and CITY OF BEACON, Appellant.— Action to recover damages for personal injuries. Order dismissing the complaint for insufficiency unless within ten days plaintiffs serve upon defendant City of Beacon their amended complaint, insofar as appealed from affirmed, with ten dollars costs and disbursements. No opinion. Close, P. J., Hagarty, Carswell, Adel and Lewis, JJ., concur.

JOSEPH SHEPHERD, Appellant-Respondent, v. MARGARET D. SHEPHERD, Respondent-Appellant.— Plaintiff's complaint contains two causes of action. In both he seeks to recover the aggregate sums of alimony which he has paid under an order of the Supreme Court, entered in May, 1924. His first cause of action is based on the theory of money had and received. The second cause of action is based on fraud. On motion by defendant to dismiss both causes of action, pursuant to rule 106 of the Rules of Civil Practice, the second cause of action was dismissed and certain allegations struck from the first cause of action. Both parties appeal. Order modified on the law by striking out the second and third ordering paragraphs and by inserting a paragraph dismissing the first cause of action, and further modified by striking from the fourth ordering paragraph the words " and in the event that he fail to do so, the complaint is deemed to be amended in accordance with this order ". As so modified, the order, insofar as appealed from is affirmed, with ten dollars costs and disbursements to the respondent-appellant. Under the facts alleged in the complaint, the marriage entered into between the parties is not void but voidable and is a valid marriage until it is annulled by a court of competent jurisdiction. (Price v. Price et al., 124 N. Y. 589; Dodge v. Campbell, 229 App. Div. 534, affd. 255 N. Y. 622.) Consequently, the court had jurisdiction of the subject matter and of the parties when the order granting alimony was made in 1924. That order is, concededly, still outstanding. Plaintiff may not collaterally attack the legality of that order or the validity of the marriage in this action. The validity of the marriage can only be attacked in an action brought to annul it by any one of the three parties, the two husbands or the wife. (Civ. Prac. Act, § 1134; Dodge v. Campbell, supra.) Close, P. J., Hagarty, Carswell, Adel and Lewis, JJ., concur.