■ ELIZABETH C. SCHEIDELER, Respondent-Appellant, v. JOSEPH SCHEIDELER, Appellant-Respondent.— In an action for separation, defendant husband and plaintiff wife both appeal from an order of the Supreme Court, Westchester County, dated January 18, 1960, awarding alimony *pendente lite* and a counsel fee. Defendant's appeal is from the whole order. Plaintiff's appeal is from so much of the order as limits the alimony to $200 a week and the counsel fee to $2,000. Order modified: (1) by striking out its first four

ordering paragraphs and by substituting therefor a provision denying the plaintiff's motion for alimony *pendente lite*; and (2) by adding a provision granting to plaintiff leave, if so advised, to renew at Special Term her motion for alimony *pendente lite* in the event that the defendant should fail to maintain her and their children in the same style and manner as they were maintained before the marital differences arose. As so modified, the order is affirmed, without costs. The case should be noticed for trial and tried as soon as possible. Since it appears that the parties and their three daughters are residing in the same home which is owned by the defendant; and that the defendant has continued to support and maintain plaintiff and the children in the same style and manner as before the commencement of the action, it was improvident to direct the payment of alimony *pendente lite*. An allowance of temporary alimony is based on necessity and where no necessity exists, there is no basis for such allowance (*Lampert* v. *Lampert*, 268 App. Div. 920; *Friedman* v. *Friedman*, 5 A D 2d 864). However, it does not appear that plaintiff is possessed of any substantial separate estate and she is entitled to a counsel fee to prosecute the action (*Kaiser* v. *Kaiser*, 262 App. Div. 835; and cf. *Wyzenbeek* v. *Wyzenbeek*, 286 App. Div. 863). With respect to the counsel fee, it is our opinion that on the present record the award of $2,000 as a counsel fee is adequate, particularly in view of the fact that plaintiff has been given leave to make a subsequent application to the trial court for an additional allowance if the facts developed at the trial so warrant (cf. *Newburger* v. *Newburger*, 7 A D 2d 639). Nolan, P. J., Christ, Pette and Brennan, JJ., concur; Beldock, J., dissents and votes to affirm.