■ Dennis Binet, Respondent, v Natalie Binet, Appellant.—Orders, Supreme Court, New York County, entered May 20, 1976, denying the motion for preclusion and denying the motion to dismiss the complaint except to the extent of directing the plaintiff to appear for examination before trial, are unanimously affirmed. Order, Supreme Court, New York County, entered June 3, 1976, denying temporary alimony and counsel fees, is unanimously modified, on the facts and in the exercise of discretion so as to (a) strike decretal paragraph "1"; (b) grant defendant wife occupancy of the marital apartment on West End Avenue together with the parties' son but exclusive of the plaintiff husband; (c) grant defendant wife temporary alimony at the rate of $150 per week effective on the date of the order determining this appeal; and (d) direct the plaintiff husband to continue to pay the rent and utilities on said apartment and to continue to support the minor child of the parties as he has been doing; and the order is in all other respects affirmed. One bill of costs is awarded to defendant. This is an action by the husband for divorce in which the wife has counterclaimed for divorce and separation. Although the husband did not promptly comply with the demand for bill of particulars and failed to appear for examination before trial, it appears that both the defaults have been cured and the Special Term Justice properly exercised his discretion not to grant the extreme sanction of preclusion or dismissal as defendant wife requested. With respect to the application for temporary alimony and counsel fees, the record is unfortunately voluminous and unsatisfactory. The amounts requested by the wife for alimony and counsel fees appear to be exorbitant and unrealistic. The husband's responses, both in affidavit and bill of particulars, are argumentative, frequently conclusory or uninformative. It is usually unnecessary and undesirable, on a motion for temporary alimony and counsel fees, for the parties to go into the charges they make against each other. But the situation is different where the parties are living under one roof, and one of the parties is asking for exclusive possession of the residence because the conduct of the other creates danger of violence from the living in the same apartment; in such circumstances the parties must

give the court specific information on which to form a judgment. The wife's statement that she frequently had witnesses available to prove her charges of cruelty in the Family Court but was unable to do so because the husband obtained adjournments does not explain why the wife has not submitted any affidavit from any of those witnesses to support her claims. However, it appears there are specific and serious though perhaps unjustified or distorted charges that the husband has been violent to the wife and is an alcoholic; the husband's responses are rather conclusory. There has been an order of protection by the Family Court; apparently there has been police intervention. Upon this unsatisfactory record, particularly in the light of the charges of violence, we think it best that the husband and wife should not live under the same roof for the time being. We note that the husband apparently has another residence he can use at least during the summer. The parties are suing each other for a divorce so it is apparent that neither one wants to live with the other, and whatever the outcome of the case, it seems unlikely that they will live together in the foreseeable future. The amount of alimony we have awarded is our best estimate of the amounts needed and affordable to carry the parties through until there can be a trial. The trial should be expedited. If the trial cannot be held during the summer, it should be held as soon as possible after Labor Day, 1976. The Special Term did not abuse its discretion in denying defendant's motion for temporary counsel fees without prejudice to renewal before the trial, in view of the payments the wife has made to her attorneys. While we might not otherwise award costs, we think it important to impress upon the parties the necessity for prompt compliance with demands for bill of particulars and depositions; attorneys who serve notices for depositions should not be put to the trouble and expense of setting aside the time and hiring stenographers for a deposition and then finding that the other side does not show up. Concur—Kupferman, J. P., Lupiano, Silverman and Lane, JJ.