■ CAROL HITE, Respondent, v STANLEY HITE, Appellant. — In a matrimonial action, the defendant husband appeals from an order of the Supreme Court, Dutchess County (Hawkins, J.), dated July 27, 1981, which, upon the plaintiff wife's motion for *pendente lite* relief, *inter alia,* awarded her exclusive possession of the marital residence and temporary maintenance and child support in the total sum of $200 per week. Order reversed, without costs or disbursements, and motion denied. Absent any showing that such directive was necessary to protect the safety of persons and property, it was an improvident exercise of discretion for Special Term to award the wife exclusive occupancy of the marital residence prior to trial and without a hearing (see *Siegal v Siegal,* 74 AD2d 867; *Scampoli v Scampoli,* 37 AD2d 614; *Rowley v Rowley,* 6 AD2d 1049). There was no evidence that the wife had ever been issued an order of protection or that the police had ever been called to intervene. Nor did the wife submit any affidavits by third parties to corroborate her allegations of misconduct on the part of the defendant (see *Minnus v Minnus,* 63 AD2d 966; *Binet v Binet,* 53 AD2d 836). In view of our determination herein, and in the absence of any proof that the defendant has failed to adequately provide for the needs of his family, there is no need for an award of temporary maintenance and child support (see *De Gasper v De Gasper,* 31 AD2d 886; *Baker v Baker,* 16 AD2d 409; *Scheideler v Scheideler,* 10 AD2d 991). However, the matter should be expeditiously tried. Bracken, J. P., Brown, Niehoff and Rubin, JJ., concur.

■ JEFERNE, INC., Respondent, v MICHAEL J. CAPANEGRO et al., Defendants, and SUN HAVEN MOTEL CORP., Appellant. — In an action to foreclose a mortgage, defendant Sun Haven Motel Corp. appeals from an order of the Supreme Court, Suffolk County (Velsor, J.), dated December 23, 1981, which denied its motion for summary judgment. Order reversed, on the law, with $50 costs and disbursements, motion granted and complaint dismissed as against defendant Sun Haven Motel Corp. When looking at the facts in a light most favorable to plaintiff, it is clear that no overt act was taken, or even attempted, to notify appellant of plaintiff's intention to exercise its right of acceleration. Without such an overt act, appellant's tender of payment for the amount in default was improperly refused (see *Sherwood v Greene,* 41 AD2d 881; *446 West 44th St. v Riverland Holding Corp.,* 267 App Div 135; *Seligman v Burg,* 233 App Div 221). Titone, J. P., Gibbons, Gulotta and Thompson, JJ., concur.