OPINION OF THE COURT
Stanley Harwood, J.
Motion by plaintiff for an order of exclusive occupancy and an order of protection is respectfully referred to Special Term, Part V, for hearing and determination. The cross motion by defendant for immediate sale of the marital residence is denied.
Plaintiff and defendant Stugard were married in 1945, are each in their late sixties, and each claims to be in ill health. Two actions for divorce were commenced in this court, one by plaintiff, the other by defendant Stugard; each were dismissed for failure of proof. By the judgment entered January 5, 1979, dismissing plaintiff’s action for divorce, defendant was directed to pay plaintiff alimony of $55 per week, and to make the monthly mortgage payments. An income deduction order pursuant to section 49-b of the Personal Property Law is currently in effect. In *572 February, 1983, defendant Stugard obtained an ex parte judgment of divorce from the State of Florida, and plaintiff thereafter commenced this action for a declaration that she is still the lawful wife of defendant Stugard. Plaintiff challenges the validity of the Florida divorce decree, asserting that defendant Stugard’s claim of Florida residency is false. She also challenges the validity of the marriage she claims took place between defendant Stugard and defendant Bryant.
Plaintiff alleges that defendant has not resided in the marital residence for five years, but that shortly after entry of the Florida decree both defendants appeared at her home and commenced a “campaign of harassment” consisting of coming to the house “every evening [from February] until now” and insulting plaintiff. She moves pursuant to section 236 (part B, subd 5, par f) of the Domestic Relations Law for an award of exclusive occupancy (see Domestic Relations Law, § 234) and for an order of protection pursuant to section 252 of the Domestic Relations Law. This latter request includes a prayer that both defendants be directed to remain away from the marital residence. Although she does not so state, it is presumed that plaintiff seeks this relief as a temporary measure pending final judgment.
Defendants oppose on the ground that the court’s authority to grant the relief sought may be exercised only in those actions specifically enumerated in sections 234 and 252 of the Domestic Relations Law. They assert without supporting citation that this is not an action to declare the nullity of a void marriage (see Domestic Relations Law, § 140) within the meaning of those statutes. And while admitting that they “visited” the former marital residence “two or three times in late February”, defendants deny the allegations of harassment and make accusations about plaintiff’s conduct. Defendants also deny that they are married to each other. And defendant Stugard asserts that he has “always lived at home * * * except since [he] moved to Florida”. He acknowledges however that he “enjoys residing in [his] prior marital home when [he is] in New York and should be allowed to come and go as [he pleases]”. By way of cross motion, defendant Stugard proposes that the *573 court direct the immediate sale of the house so that he can pay some debts and so that plaintiff and he “will no longer have to face each other under the antagonistic atmosphere that has been created”. And while asserting that the court cannot grant the relief requested by plaintiff because this is “an action for declaratory judgment” (see CPLR 3001) he ironically cross-moves for the sale pursuant to section 236 (part B, subd 5) of the Domestic Relations Law but gives no indication that he has counterclaimed for “distribution of marital property following a foreign judgment of divorce”. (Domestic Relations Law, § 236, part B, subd 5, par a.)
By way of opposition and reply, plaintiff’s counsel apparently withdraws the request for exclusive occupancy by asserting that “plaintiff’s application seeks only an order of protection” and that defendant Stugard “may be correct in his argument” that plaintiff cannot obtain exclusive occupancy “since the instant motion is one seeking the declaration of a void marriage as between the defendants rather than between the parties”. Counsel maintains that this court nonetheless has constitutional concurrent jurisdiction with the Family Court (see Family Ct Act, art 8) to entertain and issue orders of protection. (See Matter of Seitz v Drogheo, 21 NY2d 181; see, also, Matter of Ardis S. v Sanford S., 88 Misc 2d 724.) While plaintiff’s latter argument is a correct statement of the law (cf. supra), it is not so clear that plaintiff and defendant Stugard are persons legally married to one another within the meaning of subdivision 1 of section 812 of the Family Court Act. (See Long v Long, 281 App Div 254, 257.) Moreover, this court does not so readily assume that it may not grant the relief as originally requested, provided the factual circumstances so warrant.
It is true that distinctions have been made between equitable actions for declaratory relief with respect to marital status and the statutory action (Domestic Relations Law, § 140) for declaration of the nullity of a marriage (Rosenwald, v Rosenwald, 272 App Div 1027; but see Presbrey v Presbrey, 6 AD2d 477; Shepherd v Shepherd, 269 App Div 711), largely for purposes of determining whether the court had discretion to dismiss the action. (See Rosenwald v Rosenwald, supra; Zuckert v Zuckert, 13 Misc *574 2d 893.) And while the complaint here is not drawn with precision, on this motion both sides have characterized the ultimate relief sought with respect to the alleged second marriage as that for judgment declaring it null and void. The consequences of such a demand for relief would be the same in an action for the declaration of the nullity of a marriage specifically grounded on subdivision (a) of section 140 of the Domestic Relations Law (see Antrones v Antrones, 58 NYS2d 241) and, indeed “an action to annul such a third-party marriage under [Domestic Relations Law, § 140] is no more than a form of declaratory judgment, specifically authorized by the statute”. (Presbrey v Presbrey, supra, at p 483.) Neither section 234 nor section 252 contain language limiting the action “to declare the nullity of a void marriage” within which the relief sought may be granted to those specifically brought pursuant to the Domestic Relations Law; indeed, section 234 of the Domestic Relations Law specifies that in “any action * * * to declare the nullity of a void marriage” (emphasis added), the court may award exclusive possession by way of final judgment, or by way of interim order. That defendants deny there is any marriage to be voided is not of present concern, for no motion for summary judgment is presently before the court. Plaintiff’s action in its present posture is one for, inter alia, the declaration of the nullity of a void marriage, maintainable by plaintiff as a “former spouse”. (Domestic Relations Law, § 140, subd [a].)
It may be that for purposes of distributing marital property pursuant to section 236 (part B, subd 5) of the Domestic Relations Law, the Legislature intended that the marriage declared void be that of a plaintiff and defendant rather than a third-party marriage, for the court’s power to distribute marital property depends upon dissolution of the family unit (see Scheinkman, Practice Commentary, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law, C236B:7, 1983-1984 Pocket Part, p 148), the opposite of which will be achieved here in the event plaintiff ultimately prevails. But dissolution of the family unit is not a prerequisite to the exercise of the power afforded this court by sections 234 and 252 of the Domestic Relations Law (cf. Kahn v Kahn, 43 NY2d 203) and this court perceives no reason why it should be.
*575 It is true, as defendant asserts, that the court should not make an award of exclusive possession, absent a hearing unless there is a strong showing of threat to persons or property. (Hite v Hite, 89 AD2d 577.) But, given the age and claims of ill health of the parties Stugard, plaintiff’s factual allegations, if true, warrant court intervention. That plaintiff “withdrew” her request for exclusive occupancy does not mandate outright denial of that relief, particularly because she makes a request for what is tantamount to that relief in her prayer for an order of protection. Plaintiff’s motion is accordingly referred to Special Term, Part V, for determination.
Defendant Stugard’s application for immediate sale of the marital residence is denied. The court may not order the sale of a residence where, as here, it is owned as tenants by the entirety (Kahn v Kahn, supra; Anello v Anello, 22 AD2d 694) and as has been noted, defendant presses no claim for distribution of marital property following a foreign judgment of divorce. Moreover, such relief may be granted only by way of final judgment. (Supra; Domestic Relations Law, § 236, part B, subd 5, par a.)
Upon service and filing of a note of issue and payment of the requisite fee, the clerk of Special Term, Part V, shall place plaintiff’s application for exclusive occupancy and an order of protection on the calendar for hearing and determination at the earliest possible date.