■ EDWARD BRADY, Respondent, v DOROTHY BRADY, Appellant. — In a matrimonial action, defendant wife appeals from stated portions of a judgment of the Supreme Court, Suffolk County (De Luca, J.), entered November 9, 1983, which, *inter alia,* granted the plaintiff husband a divorce based upon his cause of action for cruel and inhuman treatment. ¶ Judgment modified, on the law, (1) by deleting the first decretal paragraph, which granted a divorce in favor of plaintiff on his cause of action for cruel and inhuman treatment, and substituting therefor a provision dismissing that cause of action, and (2) deleting so much of the sixth decretal paragraph as directed that upon the emancipation of the infant issue, the marital premises be sold and the proceeds, less expenses of the sale, be divided equally between the parties. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. ¶ Plaintiff husband commenced this action in March, 1981, seeking a divorce on the grounds of cruel and inhuman treatment and constructive abandonment.

Defendant wife's answer denied the material allegations of the complaint and set forth counterclaims for necessaries, maintenance and child support, and counsel fees, but not for divorce. Plaintiff denied the material allegations of the counterclaims. At trial, plaintiff testified, *inter alia,* that on several occasions during the late summer and fall of 1976 defendant physically assaulted him. According to plaintiff, defendant asked him to leave the marital home in 1977, but for the next two years he returned home irregularly. He left permanently in 1979. He further testified that after 1976, he and defendant had sexual relations only once, in August, 1979, despite his repeated advances. ¶ Defendant denied plaintiff's allegations that she had assaulted him, as well as his assertion that she asked him to leave the marital residence. She stated that she never refused to have sexual relations with him and that they had such relations whenever he slept at home during the two-year period preceding his permanent departure from the marital residence, the last occasion being in September, 1979. Defendant stated that she was happier when plaintiff was living at home and that she wanted him to return. ¶ At the conclusion of the trial the court granted a divorce to plaintiff on his cause of action for cruel and inhuman treatment. In addition, the court, *inter alia,* awarded custody of the sole infant issue to defendant, fixed awards of maintenance and child support to be paid to defendant, provided for the distribution of the marital property, with a provision that defendant maintain exclusive occupancy of the marital residence until the emancipation of the infant issue, directed defendant to turn over to plaintiff stock certificates registered in his name, and awarded defendant counsel fees. ¶ We now modify. In its memorandum decision the trial court found that given the duration of the marriage — over 26 years — the assaultive acts that plaintiff alleged occurred in 1976 were insufficient to support a divorce on the ground of cruel and inhuman treatment (*Hessen v Hessen,* 33 NY2d 406). We agree. Notwithstanding its finding, however, that plaintiff did not establish a cause of action for divorce on the ground of cruel and inhuman treatment, the trial court went on to conclude that this was a "dead marriage" and on that basis granted plaintiff a divorce as a matter of discretion. ¶ It is clear that the conduct of defendant in 1976 was not the cause of the breakdown of the parties' marriage, nor did it establish a pattern of physical violence or conditions rendering it unsafe for plaintiff to continue cohabiting with defendant (*Hessen v Hessen, supra*). Further, the trial court, which did not find for plaintiff on his cause of action for abandonment, apparently accepted defendant's assertion that she never refused to have sexual relations with plaintiff, even after he left the marital residence. Therefore, if anything, the record supports a finding that defendant was entitled to a divorce on the ground of abandonment. She, however, does not seek such relief, but instead is desirous of resuming the marital relationship. ¶ Although "the trial court possesses wide discretion to determine the issue of cruel and inhuman conduct" (*McKay v McKay,* 78 AD2d 676), such discretion cannot be exercised in a manner at variance with the established law of New York. The existence of cruel and inhuman treatment as a ground for divorce does not permit dissolution of a marriage on a "no-fault" basis (see *Hessen v Hessen, supra,* p 410). Nor does subdivision (1) of section 170 of the Domestic Relations Law "authorize dissolution of a marriage for irreconcilable differences, incompatibility or irremedial differences" (*Filippi v Filippi,* 53 AD2d 658, 658-659; see, also, *Sgroi v Sgroi,* 70 AD2d 702). It was clear error for the trial court, having found that plaintiff had not established acts sufficient to constitute cruel and inhuman treatment, to grant the divorce as an exercise of discretion. ¶ With regard to the ancillary relief granted to the parties, since our decision today leaves the parties' legal relationship unchanged, no distribution of the marital assets may be effected (Domestic Relations Law, § 236,

part B, subd 5, par a). Notwithstanding the failure of the underlying divorce action, however, the trial court was still empowered to determine any questions as to title to property arising between the parties and in its discretion make such direction concerning possession of property as justice requires (Domestic Relations Law, § 234; see, also, *Waksenbaum v Waksenbaum,* 53 AD2d 890). Accordingly, we affirm those portions of the judgment which declare that each of the parties presently holding title to any property not jointly owned remains the owner thereof, which declare that plaintiff is the owner of the stocks registered in his name, and which direct that defendant transfer possession of those stocks to him. We would point out, however, that such declaration as to title to this property should have no bearing upon any request for equitable distribution of those assets which are marital property in any subsequent matrimonial action (Domestic Relations Law, § 236, part B, subd 1, par c). With regard to that portion of the judgment concerning the marital residence, while the direction that defendant have exclusive occupancy thereof should be affirmed (Domestic Relations Law, § 234), that portion which directs sale of the premises when all of the children become emancipated must be deleted. A court is not empowered to direct a sale of jointly held property unless it also alters the legal relationship of the parties (*Kahn v Kahn,* 43 NY2d 203; *Portano v Portano,* 85 AD2d 622). Gibbons, J. P., Bracken, Brown and Niehoff, JJ., concur.