LEONIDA R. DELLI VENNERI, Appellant, v ALBERT A. DELLI VENNERI, Respondent.

First Department, November 13, 1986

APPEARANCES OF COUNSEL

*Terry Milburn* of counsel *(Samuel I. Ackerman* with him on

the brief; *Milburn & Ackerman,* attorneys), for plaintiff-appellant.

*Mary V. Rosado* of counsel *(Jerome M. Leitner* with her on the brief; *Kimmelman, Sexter & Sobel,* attorneys), for defendant-respondent.

### OPINION OF THE COURT

SULLIVAN, J.

At issue is the sufficiency of proof required to support an award of temporary exclusive possession of the marital home. The determination which is the subject of this appeal was reached after an evidentiary hearing.

Married on August 19, 1978, when she was 30 years old and her husband 35, the plaintiff wife commenced this action for divorce on December 20, 1984, alleging cruel and inhuman treatment. The marriage is childless. According to the wife, her husband told her on October 29, 1984 that he was leaving her for another woman. Subsequently, on November 10, 1984, he vacated the marital abode, a one-bedroom apartment which the husband had leased in his own name prior to the marriage. According to the husband, however, he left the marital home only temporarily and in an effort to relieve some of the tension in what, after a year of marital strife, had become a "volatile situation".

In any event, it is undisputed that, after the husband's departure, the wife changed the locks on the apartment door. She did so, she alleges, because he had threatened to kill her and she is deathly afraid of him. She testified that on one occasion he told her that the harm he would inflict upon her "would make the McDonald's massacre [a well-publicized incident in the summer of 1984 in which 21 persons were killed] look like a tea party." According to the wife, he also threatened her again when she refused to give him the keys to the new locks. On another occasion, he allegedly told the wife's brother that he would do whatever he had to do, including raping and harassing her, in order to get back into the apartment. The husband denies ever making such threats.

On December 20, 1984, the husband returned to the apartment, and finding the locks changed, broke the old locks and had a locksmith install new ones. On two subsequent occasions he allegedly inserted a key in the keyhole, broke it and left it in the cylinder, thereby locking the wife out of the apartment. She made application, shortly thereafter, for an

order awarding her exclusive possession, pendente lite. At no time, however, after any of these incidents, did the wife ever call the police or seek refuge with a neighbor or her family. She is currently under the care of a therapist for a depression brought on, she claims, by a fear that the husband will return to the apartment.

Although recognizing the potential for further strife in allowing the parties to occupy the same apartment, the court nevertheless denied the wife's application. It found that "the touchstone for exclusive possession," the wife's safety, had not been satisfactorily shown to be in jeopardy, a conclusion with which we do not necessarily disagree. Since, however, we believe that the court imposed too inflexible a standard in any event, and that, in the circumstances, the more than ample proof of domestic strife supported an award of temporary exclusive possession, we reverse and grant the wife's application.

Courts are statutorily empowered in a matrimonial action to award temporary exclusive possession of the marital premises to one of the parties. (Domestic Relations Law § 234.) Ordinarily, however, absent "a showing that such a directive is necessary to protect the safety of persons and property" courts should not award exclusive possession to one party, pendente lite. (*Scampoli v Scampoli*, 37 AD2d 614; *see, Hite v Hite*, 89 AD2d 577; *Rauch v Rauch*, 83 AD2d 847; *Broadhurst v Broadhurst*, 50 AD2d 569; *Heller v Heller*, 38 AD2d 526; *see also, In re Cattell*, 146 Ohio St 112, 64 NE2d 416; Ann., 164 ALR 321, 338.) While that is undoubtedly the general rule, the standard for granting such relief should not be so inflexible as to exclude consideration of any other circumstances which would otherwise warrant judicial intervention. The presence of domestic strife is a recognized standard for an award of temporary exclusive possession. (*See, Wolfe v Wolfe*, 111 AD2d 809; *see also, Yecies v Yecies*, 108 AD2d 813; *Binet v Binet*, 53 AD2d 836.)

The husband readily admitted that his presence in the marital home contributed to the domestic strife that existed between him and his wife, and that he left in order to deescalate a volatile situation. He also conceded the existence of alternative living arrangements during the 1½-year period between his departure from the marital home and the hearing. Furthermore, he testified that, were he allowed to return to the apartment, he intended to occupy the bedroom, a

circumstance which, all other considerations aside, is rife with the potential for strife and turmoil.

We cannot blind ourselves to the potentially disruptive, if not dangerous, consequences of the husband's return to the apartment after such a lengthy hiatus. The apartment has only one bedroom, which obviously makes living and sleeping arrangements for an estranged couple difficult, if not impossible. Clearly, the parties, who have not reconciled—indeed, their relationship appears to have deteriorated in the interim —are not in the same situation as they were before the husband departed. Moreover, the husband in this case will not suffer the dislocation that a spouse who still resides in the marital abode would suffer. He has already established another residence and is not now being forced to uproot his life. This is a relevant consideration. *(See, Wolfe v Wolfe,* 111 AD2d 809, *supra.)* Thus, we reject any rule which would ignore other salient facts and limit the award of temporary exclusive possession to only those instances where, based on past experience, there is a verifiable danger to the safety of one of the spouses.

If the parties had been living together continually we might view the situation differently. "[W]here the parties are living under one roof, and one of the parties is asking for exclusive possession of the residence because the conduct of the other creates danger of violence from the living in the same apartment * * * the parties must give the court specific information on which to form a judgment." *(Binet v Binet,* 53 AD2d 836, 837, *supra.)* Here, however, the combination of the alleged threat; the husband's lengthy and continued absence from the apartment; the minimal, at worst, disruption he would suffer from the award of temporary exclusive possession to the wife; and the obvious strain and potential turmoil which would result from his return to a one-bedroom apartment after such a long period of time lead us to conclude that it would not be improvident to grant the relief sought without the more specific showing of danger which might otherwise be required.

Accordingly, the order of the Supreme Court, New York County (Harold Baer, Jr., J.), entered April 9, 1986, which, after a hearing, denied plaintiff's motion for exclusive possession of the marital apartment should be reversed, on the law and the facts and in the exercise of discretion, and the motion granted, without costs or disbursements.

MURPHY, P. J., SANDLER and ROSENBERGER, JJ., concur.

Order, Supreme Court, New York County, entered on April 9, 1986, unanimously reversed, on the law and the facts and in the exercise of discretion, and the motion granted, without costs and without disbursements.