■ LEONARD DEL GATTO, Appellant, v SONIA DEL GATTO, Respondent.—In a matrimonial action, the plaintiff husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Rigler, J.), dated May 26, 1987, as, after a nonjury trial, dismissed his cause of action for divorce; awarded the defendant exclusive possession of the marital residence until a further court order; directed the plaintiff to pay the defendant $50 per week maintenance and $50 per week child support for each child; ordered the plaintiff to pay all mortgage principal and interest payments and real estate taxes on the marital residence; and declined to determine the plaintiff's cause of action seeking an accounting of moneys belonging to an infant child.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff and the defendant were married in 1976 and have 3 sons, 1 of whom is emancipated. Although there were disputes as to many of the factual occurrences, both parties agreed that there was marital discord for substantial periods throughout the latter course of the marriage.

It is well settled that a plaintiff seeking a divorce on the ground of cruel and inhuman treatment must show serious misconduct, not mere incompatibility (see, Brady v Brady, 64 NY2d 339; Hessen v Hessen, 33 NY2d 406). "Riotous quarrels" do not constitute cruel and inhuman treatment (see, Filippi v Filippi, 53 AD2d 658, 659). A plaintiff relying on this ground must show "a course of conduct by the defendant spouse which is harmful to the physical or mental health of the plaintiff and makes cohabitation unsafe or improper" (Brady v Brady, supra, at 343).

Although the course of conduct revealed at the trial presents a picture of an unhappy, acrimonious and incompatible couple, the misconduct detailed does not rise to the level of endangering the physical and mental well-being of either party so as to render cohabitation unsafe or improper (see, Andritz v Andritz, 131 AD2d 529, 530). Therefore, the court properly dismissed the plaintiff's cause of action for divorce based upon the ground of cruel and inhuman treatment.

Also, our review of the record reveals that the court's award of $50 per week maintenance to the defendant was proper. Further, since the court is empowered to make decisions respecting the possession of marital property despite the failure of the underlying divorce action, under this factual posture the granting of exclusive possession to the defendant

wife was justified *(see, Brady v Brady,* 101 AD2d 797, *affd* 64 NY2d 339, *supra).*

Finally, we find the plaintiff's remaining contentions to be without merit. Thompson, J. P., Spatt, Sullivan and Harwood, JJ., concur.