■ KATHLEEN MEIER, Respondent, v ERNST MEIER, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, (1) from so much of an order of the Supreme Court, Orange County (Ingrassia, J.), entered August 24, 1989, as, (a) upon a jury

verdict, granted the plaintiff wife a divorce based on cruel and inhuman treatment, (b) awarded the plaintiff wife custody of the parties' three minor children, (c) allowed the plaintiff wife to relocate with the children from New York to California, (d) directed the defendant husband to pay child support in the sum of $100 per week per child, (e) directed the defendant husband to pay maintenance in the sum of $100 per week for one year from the date of entry of the judgment, and (f) equitably distributed the parties' marital assets; and (2) from so much of a judgment of the same court dated September 22, 1989, as was entered upon the provisions of the aforesaid order.

Ordered that the appeal from the order entered August 24, 1989, is dismissed without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law and the facts, by (1) deleting therefrom the provision granting the plaintiff wife a divorce on the ground of cruel and inhuman treatment and substituting therefor a provision setting aside the jury verdict awarding her a divorce and dismissing her cause of action for divorce, (2) deleting therefrom the provision granting the plaintiff wife's application to relocate with the children from New York to California and substituting therefor a provision granting the plaintiff's application to the extent of permitting her to relocate to California provided she consents to awarding the defendant husband custody of the parties' children, (3) deleting the provision thereof directing equitable distribution of the parties' marital property and substituting therefor a provision denying the plaintiff wife's request for equitable distribution, and (4) deleting the provisions directing the defendant husband to pay $100 per week per child in child support and $100 per week to the plaintiff in maintenance for one year; as so modified, the judgment is affirmed insofar as appealed from without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for further proceedings in accordance with Domestic Relations Law § 236 (B) (5) (g).

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

We agree with the defendant husband's contention that the evidence adduced at the trial was insufficient, as a matter of

law, to support the jury verdict awarding the plaintiff wife a divorce on the ground of cruel and inhuman treatment. It is well established that a plaintiff seeking a divorce on the ground of cruel and inhuman treatment must demonstrate serious misconduct on the part of the defendant, not mere incompatibility *(see, Brady v Brady,* 64 NY2d 339; *Hessen v Hessen,* 33 NY2d 406; *Del Gatto v Del Gatto,* 142 AD2d 545). Thus, a plaintiff, in seeking a divorce on that ground, must establish "a course of conduct by the defendant spouse which is harmful to the physical or mental health of the plaintiff and makes cohabitation unsafe or improper" *(Brady v Brady, supra,* at 343; *Andritz v Andritz,* 131 AD2d 529). It has been recognized that "riotous quarrels" or claims that the marriage is "dead" do not constitute cruel and inhuman treatment *(Brady v Brady, supra,* at 346; *Tsakis v Tsakis,* 110 AD2d 763, 764; *Del Gatto v Del Gatto, supra,* at 545; *Filippi v Filippi,* 53 AD2d 658, 659). The evidence adduced at the divorce trial herein, when viewed in the light most favorable to the plaintiff wife, indicated that the parties were incompatible and that the defendant refused to communicate with the plaintiff, had minimal involvement with the parties' children and refused to have sexual relations with the plaintiff. Although this evidence portrays an unhappy, acrimonious and incompatible relationship between the parties, it does not rise to the level of endangering the plaintiff's mental or physical well-being *(see, Del Gatto v Del Gatto, supra).* Accordingly, the jury verdict awarding the plaintiff a divorce on the ground of cruel and inhuman treatment must be set aside and that cause of action of the plaintiff's complaint dismissed.

In view of the fact that the portion of the judgment appealed from which awarded the plaintiff a divorce is reversed and that cause of action of the complaint dismissed, the provisions of the judgment which equitably distributed the parties' marital assets must also be reversed. Equitable distribution of the parties' marital property, unlike maintenance, custody and child support, is only available in actions where the marital relationship is terminated by divorce, dissolution, annulment or the declaration of the nullity of a void marriage, or in a proceeding to obtain a distribution of marital property following a foreign divorce judgment (Domestic Relations Law § 236 [B] [5] [a]; [6] [a]; § 240 [1]; Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:23, C240:3; *see also, Gunn v Gunn,* 143 AD2d 393; *Naughton v Naughton,* 92 AD2d 914).

With respect to the issue of custody, we agree that the

award of custody of the parties' three children to the plaintiff wife would be in the best interest of the children. However, we find the trial court's determination permitting the plaintiff to relocate with the children from New York to California was inappropriate. It is well settled that a move by a custodial parent to a distant domicile, unless there are exceptional circumstances present, will not be permitted when it would effectively deprive the noncustodial parent of regular access to his or her children *(see, Daghir v Daghir,* 82 AD2d 191, *affd* 56 NY2d 938; *Blundell v Blundell,* 150 AD2d 321; *Kozak v Kozak,* 111 AD2d 842). The predominant concern is the best interest of the children, although the resolution of such disputes also "entails a careful balancing of both the rights and problems of the child[ren] and [their] parents" *(Schwartz v Schwartz,* 91 AD2d 628, 629; *Matter of Bonfiglio v Bonfiglio,* 134 AD2d 426; *Kozak v Kozak, supra,* at 843). In the case at bar, there is an insufficient basis in the record upon which to conclude that the best interests of the children would be served by relocating to California. Although there is evidence to indicate that the plaintiff's family resided in California, there is no evidence to indicate that the plaintiff had a close relationship with her family *(cf., Blundell v Blundell, supra).* Moreover, such a move would obviously effectively deprive the defendant of reasonable access to his children and, in turn, deprive the children of the benefits of a regular and continuing paternal relationship *(see, Daghir v Daghir, supra; cf., Blundell v Blundell, supra; Zaleski v Zaleski,* 128 AD2d 865). We find that the plaintiff failed to establish exceptional circumstances which would warrant relocating the children from New York to the distant locale of California.

Finally, we find that the trial court, in contravention of Domestic Relations Law § 236 (B) (5) (g), failed to sufficiently set forth the factors it considered and the reasons for its determination with respect to its awards of maintenance and child support. Although this court has the authority to make the necessary determinations on the issues of spousal and child support *(see, Kobylack v Kobylack,* 62 NY2d 399), we decline to do so in this case and, accordingly, remit the matter to the Supreme Court, Orange County, for a new determination on these issues *(see, Francis v Francis,* 146 AD2d 669; *Goldberg v Goldberg,* 143 AD2d 66). Mollen, P. J., Brown, Rubin and Sullivan, JJ., concur.