■ JULIUS DE CILLIS, Respondent, v HELEN DE CILLIS, Appellant.—In an action for a divorce and ancillary relief, the defendant wife appeals from so much of a judgment of the Supreme Court, Queens County (Levine, J.), dated February 19, 1988, as, after a nonjury trial and a determination in the defendant's favor dismissing the complaint, granted the plaintiff husband's application for leave to return to the marital premises owned by the parties as tenants by the entirety.

Ordered that the judgment is reversed insofar as appealed from, on the facts and as a matter of discretion, with costs, the plaintiff's application is denied, and the defendant is awarded exclusive occupancy of the marital residence.

The plaintiff and the defendant were married in 1955 and have two grown daughters, one of whom resides with the defendant in what once served as the parties' home. Those premises, built to be lived in by one family, were a gift to the defendant by her father in 1955. In 1962, the defendant transferred title to herself and the plaintiff as tenants by the entirety. The plaintiff vacated the premises in June 1984 and shortly thereafter took up residence at the home of a woman whom the defendant alleged was the plaintiff's paramour and with whom the plaintiff was still residing at the time of the trial, over 3½ years later. At some unspecified time after the plaintiff's departure, the defendant changed the locks on the doors to the home she and the plaintiff once occupied together.

In December 1987, shortly before the trial of this action, 2½ years after he commenced the instant action for divorce grounded on the defendant's alleged sexual abandonment of him, and within weeks after the defendant's attorneys apparently advised him that the defendant's counterclaims for divorce would be withdrawn, the plaintiff moved for leave to use and occupy the marital home or, alternatively, to require the defendant pay him rent. The defendant opposed the

motion and requested, albeit without benefit of a formal cross motion, that she be granted exclusive occupancy of the marital residence. The Supreme Court evidently reserved decision until the trial. Upon its announcement at the conclusion of the trial of its decision dismissing the complaint, the Supreme Court granted plaintiff's motion and, over the defendant's protest, directed the defendant to permit the plaintiff to move back into the residence and "to live there peaceably, [but] not necessarily as man and wife". Although the defendant testified at trial that, during an argument which occurred shortly before the plaintiff vacated the residence, the plaintiff threw a table at her, the Supreme Court's stated rationale for its determination granting the plaintiff's motion was that it had "heard nothing in this case to indicate [that the plaintiff] is a violent or bad person, per se". We reverse.

Absent an evidentiary inquiry, it is generally an improvident exercise of discretion to award a spouse interim exclusive occupancy of realty unless the interim award is necessary to protect persons or property (see, Hite v Hite, 89 AD2d 577; see also, Stugard v Stugard, 122 Misc 2d 571; cf., Delli Venneri v Delli Venneri, 120 AD2d 238; but see, e.g., Judell v Judell, 128 AD2d 416). However, denial of matrimonial relief by way of final judgment does not preclude an award of exclusive occupancy of the marital premises (see, Domestic Relations Law § 234; Del Gatto v Del Gatto, 142 AD2d 545; Maulella v Maulella, 90 AD2d 535; Stugard v Stugard, supra), and, because of the opportunity to fully explore the respective circumstances of the parties, a more flexible standard is applicable where a determination concerning possession of property as between the parties is made following a trial (cf., Delli Venneri v Delli Venneri, supra; Brady v Brady, 101 AD2d 797, affd 64 NY2d 339).

The absence in this case of any persuasive evidence that the plaintiff was ousted from the residence mandates denial of any surviving claim for rent from the defendant (see, Daigle v Daigle, 73 AD2d 771). Moreover, although our dissenting colleague urges that, because there was only one incident of violence, there is no atmosphere of domestic strife warranting denial to the plaintiff of access to the premises, a factual determination that the plaintiff is not a violent person does not require that his application for authorization to resume use and occupancy of the premises be granted (cf., Delli Venneri v Delli Venneri, supra; Brady v Brady, supra). Indeed, the tests which, according to the dissent, the defendant failed to meet were meant to apply in cases involving pendente lite

applications when an interim evidentiary inquiry was not to be made *(cf., Hite v Hite, supra; Stugard v Stugard, supra; Delli Venneri v Delli Venneri, supra)*. No such limitation is applicable here and we perceive no "dangerous precedent" ensuing from a denial after trial of the plaintiff's application for authorization to return to the premises he and the defendant once shared as husband and wife.

The determination to award exclusive occupancy of realty, even where the court cannot liquidate and divide the asset *(see, Kahn v Kahn,* 43 NY2d 203; *Brady v Brady, supra)*, remains dependent upon the circumstances of each case *(see,* Domestic Relations Law § 234). It is nonetheless evident that the tension often occurring when spouses remain in the same household while divorce litigation is pending and with which the dissent is concerned is no less likely to arise where the parties have not resided together for a considerable length of time and one of them, although desirous of legally ending the marriage, was unsuccessful in doing so. As our dissenting colleague notes, domestic strife did not necessitate the original departure of the plaintiff, who unsuccessfully sought to legally dissolve the marriage and for whom return to the marital residence was obviously not prompted by financial need. After considering the plaintiff's voluntary establishment of evidently satisfactory alternative living arrangements, the length of his absence from the residence and the potential for unnecessary strife his return could occasion *(cf., Del Gatto v Del Gatto, supra; Judell v Judell, supra)*, we substitute our discretion for that of Supreme Court and determine on the plaintiff's motion that, as between the parties, the defendant is entitled to exclusive use and occupancy of the marital premises. Lawrence, J. P., Sullivan and Harwood, JJ., concur.

Balletta, J., dissents and votes to affirm the judgment insofar as appealed from, with the following memorandum: While it is true that the court is empowered to make decisions concerning the possession of marital property as "justice requires" despite the failure of the underlying divorce action (Domestic Relations Law § 234; *Brady v Brady,* 101 AD2d 797, *affd* 64 NY2d 339), generally, the court should not award a spouse exclusive occupancy of the marital residence absent a showing that such is necessary to protect the safety of persons or property *(Harrilal v Harrilal,* 128 AD2d 502; *Rauch v Rauch,* 83 AD2d 847). Exclusive occupancy pendente lite may also be awarded upon a showing that a spouse has caused domestic strife and that that spouse has voluntarily established an alternative residence *(see, Preston v Preston,* 147

AD2d 464). The defendant's allegations were insufficient to establish her right to exclusive occupancy under either test.

Although it is true that the plaintiff left the marital residence on his own, it is equally true that the defendant changed the locks within a month or two after he left without ever offering him a key, and at a time when the plaintiff was still living temporarily with his son. Furthermore, on the three occasions that the plaintiff attempted to return to the marital residence he was barred from doing so by the defendant.

In addition, the defendant failed to produce any evidence at trial that the plaintiff would present a danger to her or the property if he were allowed to return to the marital home. The record is devoid of any indication of violence. In fact, there is nothing in the record which would suggest that the plaintiff has caused any domestic strife sufficient to justify denying him access to the marital residence. The only incident testified to by the defendant concerned an argument that occurred the day before the plaintiff left which started when the defendant questioned him about an alleged affair. The plaintiff purportedly became angry and threw a table, which apparently did not hit anyone. It should be noted that there was no evidence of constant arguments, or of physical or verbal abuse or the like. It is also significant that the defendant withdrew her counterclaim for a divorce based upon cruel and inhuman treatment. Thus, upon a single isolated argument which occurred during the course of a 30-year marriage, the majority would construct an atmosphere of domestic strife and bar the plaintiff from his own home for life.

The various cases cited by the majority are inapposite. In *Delli Venneri v Delli Venneri* (120 AD2d 238, 239), in addition to other threats of various forms of physical violence, the husband threatened the wife with a death that " 'would make the McDonald's massacre * * * look like a tea party' ", and there was evidence that he had purposely damaged the property. It should also be recognized that exclusive occupancy was granted pendente lite or on a temporary basis, unlike the instant case where the defendant seeks exclusive occupancy permanently.

In *Del Gatto v Del Gatto* (142 AD2d 545), this court affirmed the trial court's dismissal of a divorce action and granted the wife exclusive occupancy of the marital home "until a further court order". The record in that case, however, showed a long

history of marital discord between the parties which sometimes rose to the level of violence. Furthermore, the wife was granted custody of two minor sons.

The combination of a number of factors present in this case supports an affirmance of the court's determination: the lack of a need for exclusive possession to protect the safety of persons or property, the lack of a showing of potential marital strife upon the husband's return, the lack of any minor children in the household or any other reason warranting the wife's exclusive possession, the fact that the order is not temporary but is of indefinite duration, and the wife's withdrawal of her own viable divorce action. Moreover, although the wife argued against the husband's motion to return to the house, apparently it was not of major concern to her since she failed to cross-move for exclusive occupancy.

The decision of the majority creates a dangerous precedent whereby a spouse could obtain exclusive occupancy on a permanent basis merely because the other spouse has moved out of the house. The court's holding thus presents a trap for the unwary since a spouse who vacates the marital residence for any reason can suddenly find himself or herself in a state of permanent exile. The unintended result of such a ruling will be that couples will remain under the same roof pending trial despite the tension and friction that often accompanies divorce actions, since the spouse who leaves will not be allowed to cross the threshold again.