■ PATRICIA R. GOODWIN, Respondent, v CHARLES W. GOODWIN, Appellant.—In a matrimonial action in which the parties were previously divorced by judgment dated April 10, 1990, the defendant husband appeals from so much of an order of the the Supreme Court, Westchester County (Kaiser, J.H.O.), entered January 23, 1991, as granted the plaintiff wife's motion to modify the divorce judgment to include a provision permitting her to move to the State of Florida with the parties' children.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, and the matter is remitted to

the Supreme Court, Westchester County, for a hearing and new determination in accordance herewith.

We reject the husband's claim that, by granting the wife's motion to relocate to Florida with the children, the court erroneously vacated the parties' stipulation. In the instant case, the parties never stipulated as to whether the wife could relocate to a different region. Therefore, the court's order permitting relocation did not alter their agreement.

We agree with the husband, however, that the court should have held a hearing before resolving the wife's motion. "It is well settled that a move by a custodial parent to a distant domicile, unless there are exceptional circumstances present, will not be permitted when it would effectively deprive the noncustodial parent of regular access to his or her children" *(Meier v Meier,* 156 AD2d 348, 351; *see also, Coniglio v Coniglio,* 170 AD2d 477). Here, the wife submitted proof indicating that she could not afford to purchase a house in the area near the former marital residence, but the record was devoid of proof regarding the cost of renting a house in the area. It cannot be said upon the present record, therefore, that the relocation to Florida is economically necessary *(see, Morgano v Morgano,* 119 AD2d 734; *Kozak v Kozak,* 111 AD2d 842). Nor does the record clearly establish that the husband has "forfeited his * * * right to access to the children" *(Matter of Bonfiglio v Bonfiglio,* 134 AD2d 426, 427).

Further, questions of fact exist as to whether relocation to a distant domicile would be in the best interests of the children. Although a resolution of disputes regarding relocation requires a consideration of the parents' rights, ultimately the "predominant concern is the best interest of the children" *(Meier v Meier, supra,* at 351). Because the record does not indicate whether exceptional circumstances are present nor whether the relocation would be in the best interests of the children, an evidentiary hearing is essential *(cf., Venzer v Venzer,* 144 AD2d 552; *Coniglio v Coniglio, supra).*

Finally, we note that the wife did not relocate with the children until after obtaining a court order permitting the move and until after the husband's application for a stay was denied. Accordingly, the children should be permitted to remain in Florida pending the outcome of the hearing. Brown, J. P., Sullivan, Lawrence and Ritter, JJ., concur.