Carpinello, J.
Appeal from a judgment of the Supreme Court (Teresi, J.), entered July 29, 2003 in Albany County, which granted plaintiffs motion for certain pendente lite relief.
Plaintiff and defendant were married in 1985 and have three children, a son (born in 1986) and twin daughters (born in *787 1990). In 2003, plaintiff commenced this divorce action, alleging that defendant’s excessive alcohol consumption, and consequent verbal abuse of plaintiff and the children, constituted cruel and unusual treatment. Plaintiff subsequently moved for pendente lite relief, including exclusive use and possession of the marital residence, physical custody of the children and child support, claiming that she feared that defendant’s verbal abuse would escalate to physical violence against her and the children. Supreme Court, without a hearing, awarded plaintiff exclusive possession of the marital residence and ordered defendant to vacate the residence within 10 days. Supreme Court also awarded the parties joint legal custody of the children, with primary physical custody of the son to defendant and that of the daughters to plaintiff, and awarded plaintiff temporary child support. Supreme Court’s order was stayed by this Court pending the outcome of this appeal by defendant.
While courts are statutorily authorized to award exclusive possession and use of the marital residence to one party during the pendency of a matrimonial action (see Domestic Relations Law § 234), such interim relief generally should not be awarded absent a hearing unless there is a showing that exclusive possession “is necessary for the protection of the safety of persons and property” (Baranyk v Baranyk, 73 AD2d 1004, 1005 [1980]; see Tessitore v Tessitore, 140 AD2d 786, 786 [1988]; Vallet v Vallet, 86 AD2d 741 [1982]). However, a hearing is not necessarily required where one party has established alternative living arrangements and there is a history of violence or domestic strife (see Preston v Preston, 147 AD2d 464, 465 [1989]; see also Delli Venneri v Delli Venneri, 120 AD2d 238, 240-241 [1986]).
Such a showing is lacking here. Indeed, plaintiff concedes that defendant has never been violent toward her or the children, and defendant denies plaintiff’s uncorroborated allegations that he has verbally abused or threatened to hurt any family members. Under these circumstances, Supreme Court should have held a hearing before awarding plaintiff exclusive use of the marital home, particularly since its further award of physical custody of the son to defendant meant that the son would be displaced as well (see Tessitore v Tessitore, supra at 786-787; Freihofer v Freihofer, 91 AD2d 815 [1982], appeal dismissed 58 NY2d 971 [1983]; cf. Twaite v Twaite, 235 AD2d *788 616, 618 [1997]; Capolino v Capolino, 174 AD2d 825, 826 [1991]).*
Turning to Supreme Court’s interim child support award, defendant maintains that such an award is unnecessary while both parties continue to reside in the marital residence. The record, however, reveals that while defendant has borne all of the carrying charges for the residence, plaintiff has been paying all of the children’s living expenses. Consistent with its decision to award plaintiff exclusive use of the marital residence, Supreme Court apportioned the household expenses among the parties and awarded plaintiff temporary child support. Although Supreme Court’s calculation of the parties’ child support obligations, which was based upon a three-child household, did not properly reflect its split custody award (see Riseley v Riseley, 208 AD2d 132, 135 [1995]), we find that this award, together with the apportionment of household expenses, is appropriate while the parties and their children continue to reside under one roof (see George v George, 192 AD2d 693, 693 [1993]; see also Krantz v Krantz, 175 AD2d 863, 864 [1991]; cf. Hite v Hite, 89 AD2d 577 [1982]). In light of our decision, defendant’s remaining contentions are academic.
Crew III, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as awarded plaintiff exclusive use and possession of the marital residence; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.

 Because it appears that Supreme Court ordered and relied on a “report” from the Law Guardian, we take this opportunity to emphasize that a law guardian is the attorney for the children (see Matter of Carballeira v Shumway, 273 AD2d 753, 754-755 [2000], lv denied 95 NY2d 764 [2000]) and not an investigative arm of the court. While law guardians, as advocates, may make their positions known to the court orally or in writing (by way of, among other methods, briefs or summations), presenting reports containing facts which are not part of the record or making submissions directly to the court ex parte are inappropriate practices (see Matter of Rueckert v Reilly, 282 AD2d 608, 609 [2001]; Reed v Reed, 189 Misc 2d 734, 737 [2001]; New York State Bar Assn. Committee on Children and the Law, Law Guardian Representation Standards, vol. II, standard B-6, at 30-31 [Nov. 1999]; see also Molier v Molier, 46 NY2d 718 [1978], modfg 53 AD2d 996 [1976]; Family Ct Act §§ 241, 242). Consequently, courts should not direct law guardians to make such reports.