OPINION OF THE COURT
Rosalyn Richter, J.
*829 After a grounds trial, Justice Laura Visitacion-Lewis denied defendant husband’s counterclaim for a divorce, and this court subsequently held a trial on plaintiff wife’s request for maintenance. After the trial concluded, the husband brought this motion seeking: (a) exclusive occupancy of 142 in Bridgehampton, the home in which he now lives, and an order restraining the wife from selling this property;[1] (b) an order awarding him joint possession to the former marital residence at 170, currently titled in both parties’ names, and directing the wife to provide him with a key to the property; (c) exclusive possession of a boat, The Millicent, which is owned by an LLC jointly controlled by the parties, and an order restraining the wife from selling the boat; and (d) directing the wife to provide an accounting of the art, antiques and wine in her possession or under her control, and awarding the husband possession of one half of these items.
There is no doubt that the court has the authority to award exclusive occupancy of property even when a divorce is not granted. (See Domestic Relations Law § 234; De Cillis v De Cillis, 157 AD2d 822 [2d Dept 1990].) Here, the wife has several alternative residences at her disposal and thus has no need to reside in 142. Indeed, she explicitly states that she has no desire to disturb the husband’s use of the property and she is not asking for a key or to otherwise be given access to the home. The husband is in his 70s, in poor health and uses a wheelchair. The home at 142 was recently renovated to accommodate his disabilities and it would be an undue hardship to require him to find an alternative accessible property in which to live.
Furthermore, given the husband’s health and stress-related problems and the intense acrimony between the parties, to allow the wife to use or occupy the residence would cause the husband unnecessary strife. Under these circumstances, an award of exclusive occupancy of this residence to the husband is appropriate. (See Kenner v Kenner, 13 AD3d 52 [1st Dept 2004] [exclusive occupancy is warranted when the nonmovant spouse has voluntarily established an alternative residence and that spouse’s return to the marital residence would cause domestic strife]; De Cillis v De Cillis, 157 AD2d at 822 [awarding the defendant exclusive occupancy in light of the plaintiffs establishment of satisfactory alternative living arrangements, the length of his absence from the residence and the potential for unneces *830 sary strife his return could occasion].) The husband’s request for an order restraining the wife from selling the property is denied.[2] The house is owned by a trust of which the wife is a co-trustee. The court cannot, in this action, alter the terms of the trust which govern the disposition of the property.
The husband’s request for an order awarding him joint possession to the former marital residence at 170 is denied. Although the husband maintains that the wife no longer lives there, the evidence at the maintenance trial, and the wife’s affidavit submitted in opposition to this motion, show otherwise. The wife never stated that she was giving up residence there full time, but only mentioned that she might rent it out in the summers. In light of her uncontroverted assertion that she currently fives there and the fact that the husband has not shown any need to access the home, his request for joint occupancy is denied. Moreover, in light of the court’s awarding him occupancy of 142, it would not be equitable to provide him with access to 170. For the same reasons, his request for a key to the premises is denied.
The husband’s request for an order giving him possession of the boat and one half of the art, antiques and wine acquired by the parties during the marriage is denied. In support of his application, the husband cites Domestic Relations Law § 234, which allows a court, in its discretion and as justice requires, to determine questions as to the title to property and make directions concerning the possession of property. Although this provision still has some applicability even in the absence of a divorce, the husband has failed to cite any case law, nor has this court found any, where a court relied on this statute to make determinations concerning possession of the type of marital nontitled personal property at issue here. To broadly read this statute as allowing a court to divvy up countless items of marital jointly owned personal property would run afoul of the prohibition against equitable distribution following the denial of a divorce. (See Garver v Garver, 253 AD2d 512 [2d Dept 1998] [marital property not subject to equitable distribution without a divorce]; Beran v Beran, 8 Misc 3d 546 [Sup Ct, Schenectady County 2005].) Since the court is denying the husband’s request for possession, his request for an inventory of the property is also denied.
*831 The cases relied upon by the husband are distinguishable. Brady v Brady (101 AD2d 797 [2d Dept 1984]) involved the possession of non-jointly-titled stock certificates registered in one spouse’s name. Here, in contrast, the boat, art, antiques and wine are purportedly jointly owned by the parties and there is no “title” for these items that would allow for a simple and accurate determination of ownership. P.K. v R.K. (12 Misc 3d 1167[A], 2006 NY Slip Op 51087DJ] [Sup Ct, Nassau County 2006]) is not applicable because it dealt with the ownership of shares in a family business and not the type of personal property at issue here. Sciaeca v Sciacca (185 Misc 2d 105 [Sup Ct, Queens County 2000]) is inapposite because it involved a partition claim asserted in an amended complaint after the divorce action was abandoned. Here, there is no partition claim, or any tort cause of action, and the court takes no position as to whether such a claim can provide the husband with the relief he seeks.[3]
In any event, even if Domestic Relations Law § 234 would allow the court to divide up the property without actually ordering a sale, the husband has failed to convince the court that justice requires the division he seeks. He has failed to explain why he wants an equal share of the art, antiques and wine, other than for financial reasons or because he might have received some of these items if he had prevailed at the grounds trial. Indeed, as to the artwork, the wife asserts that the husband had absolutely no interest in art before the marriage. In his reply papers, the husband does not dispute this claim nor does he state that he has any particular interest in art today. Nor is there anything in his trial testimony that would show a significant interest in art or antiques. Thus, the husband’s request for possession of the jointly owned marital personal property is denied.[4]
The same cannot be said for the items that the husband alleges that he brought into the marriage, such as certain family *832 heirlooms. The court concludes that Domestic Relations Law § 234 provides the authority to order possession of property owned by the husband prior to the marriage. In this case, justice requires that the husband be allowed to retrieve these items, particularly in light of the fact that the wife has locked him out of the former marital residence, where at least some of the items allegedly remain. The parties are directed to devise a procedure whereby the husband can retrieve his property.

. The exact addresses of the properties have been omitted from this decision.

. The wife also has not indicated that, at the current time, she intends to sell the property or has taken concrete steps to do so.

. The remaining cases cited by the husband are not applicable to the issues in this motion. Del Gatto v Del Gatto (142 AD2d 545 [2d Dept 1988]) dealt with exclusive possession of the marital residence and both Troiano v Troiano (87 AD2d 588 [2d Dept 1982]) and Sharer v Sharer (60 AD2d 780 [4th Dept 1977]) involved fact patterns where a divorce had been granted.

. The court also denies the husband’s request for an order restraining the wife from selling the boat. Since the boat is owned by an LLC, the court cannot alter the terms of its operating agreement by restricting a sale. In any event, the court notes that under the terms of the operating agreement, the boat cannot be sold without the consent of both parties.