■ PETER SETTLE, Appellant-Respondent, v VIRGINIA McCOY, Respondent-Appellant. [879 NYS2d 351]—

Cardona, P.J. Cross appeals from an order of the Supreme Court (Drago, J.), entered September 12, 2007 in Schenectady County, ordering among other things, equitable distribution of the parties' marital property.

The parties were married in 1982 and have two children. In 2003, plaintiff commenced this matrimonial action seeking a divorce on the ground of abandonment or, in the alternative, cruel and inhuman treatment. Defendant counterclaimed for a divorce on the ground of abandonment.

Following a trial on the issue of custody, plaintiff was awarded custody of the parties' children. In lieu of a trial on the remaining issues of equitable distribution, maintenance and child support, the parties submitted exhibits, affidavits and memoranda of law. Thereafter, Supreme Court entered a decision and order purporting to resolve those issues, from which the parties now cross-appeal.

Under the circumstances herein, we must reverse and remit the matter to Supreme Court for further proceedings. Marital property is subject to equitable distribution only upon dissolution of the marriage (see Domestic Relations Law § 236 [B] [5] [a]; *Meier v Meier*, 156 AD2d 348, 350 [1989], *lv dismissed* 75 NY2d 946 [1990]; *Brady v Brady*, 101 AD2d 797, 798-799 [1984], *affd* 64 NY2d 339 [1985]). For reasons not clear in this record, the parties have never obtained a judgment of divorce, thus rendering the division of property ineffective. Further, while matters regarding maintenance and child support may be decided in the absence of a divorce judgment (see Domestic Relations Law § 236 [B] [6], [7]; *Gunn v Gunn*, 143 AD2d 393, 395 [1988]), it is clear from the court's order that its resolution of those issues, as well as additional issues including college expenses and counsel fees, was contingent upon and intertwined with its purported distribution of property. Accordingly, we remit the matter to Supreme Court so those issues may be resolved without reference to equitable distribution.

Peters, Lahtinen, Kane and Garry, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.