MARY TSAKIS, Respondent-Appellant, v HOMER TSAKIS, Appellant-Respondent.

The trial court's determination that defendant had engaged in cruel and inhuman treatment of plaintiff is not supported by the

record. A plaintiff relying on Domestic Relations Law § 170 (1) must generally show a course of conduct by the defendant spouse which is harmful to the physical or mental health of the plaintiff and makes cohabitation unsafe or improper (*Forcucci v Forcucci,* 96 AD2d 751; *Warguleski v Warguleski,* 79 AD2d 1107). A showing of irreconcilable or irremedial differences is insufficient by itself (*Filippi v Filippi,* 53 AD2d 658). The existence of cruel and inhuman treatment as a ground for divorce does not permit dissolution of a marriage on a "no-fault" basis or merely because it is "dead" (*see, Brady v Brady,* 64 NY2d 339; *Hessen v Hessen,* 33 NY2d 406).

As plaintiff in the instant case has not made the requisite showing, the judgment of divorce dated February 2, 1983 is reversed.

With regard to the judgment dated April 11, 1983, that portion which directs the sale of the marital residence must be deleted. A court is not empowered to direct a sale of property held as tenants by the entirety unless it also alters the legal relationship of the parties (*Brady v Brady,* 101 AD2d 797, *affd* 64 NY2d 339, *supra; Kahn v Kahn,* 43 NY2d 203; *Portano v Portano,* 85 AD2d 622). Titone, J. P., Thompson, Bracken and Rubin, JJ., concur.