OPINION OF THE COURT
John J. J. Jones, J.
Plaintiff moves for an order, inter alia, awarding her authority to sell the parties’ marital residence which they own as tenants by the entirety, and which is now threatened by foreclosure of the mortgage encumbering same. The court grants same and directs plaintiff to take whatever steps are necessary to have same appraised and to sell same at the appraised valuation or higher and deposit the proceeds of sale with the court.
It has been well settled in New York that where the marital relationship between the parties remains unaltered, the court has no authority to order a sale of property owned by the parties as tenants by the entirety (Kahn v Kahn, 43 NY2d 203 [1977]; Brady v Brady, 101 AD2d 797 [2d Dept 1984]; Portano v Portano, 85 AD2d 622 [2d Dept 1981]; but see, Pleshette v Pleshette, NYLJ, June 23, 1983, p 14, col 6 [Sup Ct, Westchester County, Donovan, J.]). However, since the advent of the Equitable Distribution Law, marital property should be distributed "in a manner which reflects the individual needs and circumstances of the parties” (Memorandum of Governor Carey, 1980 McKinney’s Session Laws of NY, at 1863). Unlike a community property regime, fairness, not mathematical precision, is the guidepost. Under equitable distribution, a *584 court possesses flexibility and elasticity to mold an appropriate decree because what is fair and just in one circumstance may not be so in another (Rodgers v Rodgers, 98 AD2d 386 [2d Dept 1983]; cf. Perri v Perri, 97 AD2d 399 [2d Dept 1983]). Domestic Relations Law § 236 (B) (5) (f) provides that in addition to the disposition of property as set forth in Domestic Relations Law § 236 (B) (5) (a), the court may make such order regarding the use and occupancy of the marital home and its household effects as provided in Domestic Relations Law § 234, without regard to the ownership. Furthermore, Domestic Relations Law § 234 extends judicial power over the possession of both real and personal property. The power was clearly designed to be utilized without regard to the state of title (Report of Joint Legislative Committee on Matrimonial and Family Laws, 1963 NY Legis Doc No. 34, at 81, 84-85; 2 Foster-Freed, Law and the Family § 22.37, at 103), and it gives the court "broad and flexible control” over the possession of property (Siegel, 1964 Practice Commentary, McKinney’s Cons Laws of NY, Book 14, 1982-1983 Pocket Part, Domestic Relations Law § 234, p 33), by providing in-kind support through possession of real (Scampoli v Scampoli, 37 AD2d 614 [2d Dept 1971]), or personal property (Troiano v Troiano, 87 AD2d 588 [2d Dept 1982]; Silbert v Silbert, 22 AD2d 893 [2d Dept 1964], affd 16 NY2d 564 [1965]), by excluding one spouse from premises occupied by another (Minnus v Minnus, 63 AD2d 966 [2d Dept 1978]), or by restraining transfers of property pendente lite (Leibowits v Leibowits, 93 AD2d 535 [2d Dept 1983]).
The power under Domestic Relations Law § 234 to direct one party to deliver possession to the other necessarily includes the power to prevent a party from frustrating such delivery by improper disposition or wasteful dissipation of assets. In these days, that power of restraint is vital to meaningful enforcement and implementation of the equitable distribution statute. Not only is this conclusion consistent with the new law’s recognition of the parties’ "economic partnership” (Governor’s approval memorandum, 1980 McKinney’s Session Laws of NY, at 1863), but it has support in the State’s abiding interest in family relationships (Fearon v Treanor, 272 NY 268 [1936]; Di Lorenzo v Di Lorenzo, 174 NY 467), especially in allocating the economic burdens so that members of the former family unit are not "destroyed by crushing economic and psychological pressures” (Phillips v Phillips, 1 AD2d 393, 397 [1st Dept 1956], affd 2 NY2d 742 [1956]).
*585 Here, the marital residence, which appears to be the major marital asset, is in imminent danger of foreclosure. The wife has produced a buyer who is ready, willing and able to purchase said premises. The husband, who is gainfully employed, has offered no justification for not contributing to the payments on the mortgage for approximately two years. The wife’s income is insufficient to enable her to do so. There are no infant issue of the marriage.
Accordingly, the court appoints plaintiff receiver for the purpose of selling the marital premises according to the terms specified in her moving papers. Sufficient reason appearing, therefore, plaintiff is awarded exclusive occupancy of said premises. The proceeds of said sale shall be deposited with the court pending ultimate resolution of equitable distribution of marital assets.