■ GLORIA STEWART, Appellant, v ROBERT STEWART, Respondent. BOWERY SAVINGS BANK, Appellant.—Order, Supreme Court, New York County (Stanley Ostrau, J.), entered May 28, 1985, which, *sua sponte,* vacated that portion of the order entered January 3, 1985 which enjoined the mortgagee The Bowery Savings Bank from commencing foreclosure proceedings against the marital residence, unless the parties effected the sale of the premises within 45 days after service of a copy of the order, and directed the parties otherwise to comply with the January 3 order, reversed, on the law, and the injunction is vacated, without costs.

In this consolidated matrimonial action, defendant husband defaulted under a January 27, 1984 order directing him, *inter alia,* to make maintenance, child support, and mortgage and maintenance payments on the marital residence pendente lite. The marital residence is a cooperative apartment in Manhattan. The parties hold the shares of stock allocated to the apartment as tenants by the entirety. The apartment is presently occupied by plaintiff wife and the parties' 16-year-old daughter. Plaintiff's complaint requests exclusive possession and title to the apartment.

By order to show cause dated October 30, 1984, the husband moved for an order directing a private sale of the marital

residence and enjoining a judicial sale. He alleged that since June 1983, due to severe financial reversals, he had been unable to make the maintenance payments on the residence. In support of that branch of his motion which sought an injunction, the husband alleged that the mortgagee, The Bowery Savings Bank (Bowery), had notified him that it had made maintenance payments in excess of $8,940, had accelerated the payments due under the 1979 loan note and agreement, and would foreclose. He averred his certainty that judicial sale would not realize the fair market value of the apartment.

Opposing a private sale, the wife cited the provisions of Domestic Relations Law §§ 234, 236 (B) (5), contending that the court was not empowered to compel the disposition of marital property pendente lite. She maintained that the issue of title should await determination at trial. The Bowery interposed an affidavit, without intervening or formally appearing in the action, in which it asserted that the court lacked authority to enjoin a judicial sale based upon an alleged loss of the full value of the property. By order entered January 3, 1985, Special Term (Ostrau, J.), *inter alia,* enjoined a judicial sale and directed the private sale of the apartment within 60 days of service of a copy of the order with notice of entry. The court also directed that the funds be held in escrow for Bowery and plaintiff.

Three months later, since no sale had been effected, Bowery moved, by order to show cause dated March 1, 1985, to vacate the injunction. The wife challenged Bowery's standing as a nonparty to seek affirmative relief and renewed her opposition to a private sale. The husband alleged in opposition to the request for vacatur of the injunction that the residence was his single most valuable asset, since his partnership in an accounting firm had been involuntarily terminated. He also submitted an appraisal report which concluded that the subject property had a fair market value of $230,000. By order entered May 28, 1985, Special Term, *sua sponte,* conditionally vacated the injunction, extended the time for a private sale an additional 45 days, and otherwise directed compliance with its prior order. This appeal ensued. The husband has filed no brief.

The principal issue presented is whether a court is empowered, pendente lite, to compel the disposition of marital property, and to enjoin a third party from exercising its rights, in the absence of a proper motion for a preliminary injunction pursuant to CPLR article 63. We hold that there is no such

authority under Domestic Relations Law § 234, and accordingly reverse.

Special Term misapprehended the scope of its authority under section 234. That statute provides in relevant part: "In any action for divorce * * * the court may (1) determine any question as to the title to property arising between the parties, and (2) make such direction, between the parties, concerning the possession of property, as in the court's discretion justice requires having regard to the circumstances of the case and of the respective parties." Special Term's construction of the statute as authorizing court-ordered disposition of marital property pendente lite is not supported by the provisions of section 236 (B) (5) (a). Under section 236, the final disposition of marital property is ancillary to the dissolution of a marriage. Section 236 (B) (5) (a) expressly provides that when "all or part of the relief granted is divorce, or the dissolution * * * of a marriage", the court shall dispose of marital property "in the final judgment."

*Kahn v Kahn* (43 NY2d 203, 210 [1977]) is dispositive of the present case. In *Kahn,* the wife had withdrawn her counterclaim for separation at trial. The Appellate Division, Second Department, *inter alia,* affirmed dismissal of the husband's complaint for divorce and ordered the parties to sell the marital home which they owned as tenants by the entirety and to divide the proceeds equitably. The Court of Appeals modified the order to strike the direction for a sale. It held that section 234 was a procedural device only, and did not permit an order of disposition concerning the residence because the marital relationship had not been legally altered. The court stated (p 210): "unless a court alters the legal relationship of husband and wife by granting a divorce, an annulment, a separation or by declaring a void marriage a nullity, it has no authority to order the sale of a marital home owned by the parties as tenants by the entirety." Whether the cooperative shares are characterized as personalty or realty is not material here. *(See also, Evans v Evans,* 81 AD2d 753 [4th Dept 1981].) However, we note it is doubtful that the cooperative shares, which are personal property *(Silverman v Alcoa Plaza Assoc.,* 37 AD2d 166 [1st Dept 1971]), may be held by the entirety. (EPTL 6-2.1 [4]; *see also, Hawthorne v Hawthorne,* 13 NY2d 82 [1963].)

In *Leibowits v Leibowits* (93 AD2d 535, 537-538 [2d Dept 1983]), the court upheld Special Term's power under section 234 to issue an injunction aimed at the preservation of mari-

tal assets pending equitable distribution. *(See also, Monroe v Monroe,* 108 AD2d 793, 794 [2d Dept 1985].) The court reasoned that the interim power to prevent improper disposition of assets, a less drastic remedy than directing the transfer of property, should be implied because it was vital to meaningful enforcement of the equitable distribution statute. However, section 234 does not authorize an injunction aimed at the prevention of a judicial sale by a third party with a secured interest in the marital residence. As Justice O'Connor reasoned in his concurring opinion in *Leibowits v Leibowits (supra,* at pp 556-557): "The section 234 remedy itself, however, may not be available if third parties have an interest in the property involved. Although the definition of marital property (section 236, part B, subd 1, par c) does not exclude property in which third parties have legal or equitable interests, nothing in the new law authorizes the court to take any action protective of a spouse's expectancy that would impair or defeat the interest of such third party, and section 234 orders can only be addressed to a spouse."

The movant husband's only appropriate recourse against Bowery was a motion for a preliminary injunction pursuant to CPLR article 63. *(See, Kaplan v Kaplan,* 94 AD2d 788 [2d Dept 1983].)* However, such a motion would have entailed joinder of Bowery and satisfaction of the more rigorous jurisprudential requirements for relief on a CPLR article 63 motion. (CPLR 6301, 6311, 6312; *cf. Leibowits v Leibowits, supra,* at p 538; *see also,* Scheinkman, 1984 Practice Commentary, McKinney's Cons Laws of NY, Book 14, 1986 Supp Pamph, Domestic Relations Law C234:5, p 36.) Since the husband failed to seek an injunction pursuant to CPLR article 63 and no hearing was held, Special Term erred in issuing the injunction. Moreover, defendant's proof was palpably insufficient to warrant such drastic relief. He did not demonstrate a strong likelihood of success on his claim that loss or dissipation of the marital residence was threatened. There was no actual proof a judicial sale of the marital residence would obtain appreciably less than fair market value.

Parenthetically, we note that Bowery, technically a nonparty, had standing to prosecute this appeal pursuant to CPLR 5511, even absent a motion for leave to intervene, a notice of appearance, answer, or motion extending the time to answer. (CPLR 320, 1003, 1012, 1013.) The Bowery had standing to appeal under CPLR 5511 because it was "expressly bound" by the order under review herein. *(Brady v Ottaway*

*Newspapers,* 97 AD2d 451 [2d Dept 1983]; *see also,* 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 5511.04.) Concur—Sandler, J. P., Carro, Milonas, Rosenberger and Ellerin, JJ.