■ VICTORIA ANDRITZ, Appellant-Respondent, v JERRY ANDRITZ, Respondent-Appellant.—In an action for a divorce and ancillary relief, (1) the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Geiler, J.), dated November 12, 1985, as granted the defendant husband's motion to dismiss the complaint for failure to state a cause of action, and (2) the defendant cross-appeals, as limited by his cross notice of appeal and brief, from so much of the same order as denied his application for child support.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the defendant's application for child support; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.

The allegations of cruel and inhuman treatment contained in the complaint basically set forth that the parties have irreconcilable or irremedial differences and that their marriage is "dead" *(see, Brady v Brady,* 64 NY2d 339). However, these allegations are insufficient to establish that "the conduct

of the defendant so endangers the physical and mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant" (Domestic Relations Law § 170 [1]). Thus, the court did not err in dismissing the complaint, which sought a judgment of divorce on the ground of cruel and inhuman treatment, particularly since the marriage involved is one of long duration (see, Brady v Brady, supra; O'Connell v O'Connell, 116 AD2d 823; Tsakis v Tsakis, 110 AD2d 763, appeal dismissed 65 NY2d 1053).

The court did err, however, in summarily denying the defendant's request for child support. While the respective incomes of the parties do appear to be comparable, the statements of expenses were contested. Furthermore, the court ordered the plaintiff to pay one half of the carrying charges on the marital residence, including utilities, fuel and telephone service, but did not fix the amount of these charges. While these open-ended payments are not challenged those payments make it impossible for this court to determine the plaintiff's ability to pay child support (see, Troiano v Troiano, 87 AD2d 588). Thus, this matter is hereby remitted for a hearing on the issue of child support.

Finally, the defendant's contention that the court erred in denying his request for counsel fees is not cognizable on his cross appeal, as the defendant failed to indicate in his limited cross notice of appeal that he was seeking to appeal from that portion of the court's order (see, Christian v Christian, 55 AD2d 613; Marocco v Marocco, 53 AD2d 707). Thompson, J. P., Bracken, Lawrence and Spatt, JJ., concur.