■ ESTEBAN SILVERA, Appellant-Respondent, v ALICIA SILVERA, Respondent-Appellant.—In an action for a divorce and ancillary relief, (1) the plaintiff husband appeals as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (DiFede, J.H.O.), entered June 15, 1987, as dismissed the complaint, restricted the parties' respective use and occupancy of the marital residence, and further directed both parties to share the expenses of maintaining the martial residence, and (2) the defendant wife cross-appeals from so much of the same judgment as, *inter alia,* failed to award her maintenance.

Ordered that the cross appeal is dismissed, without costs or disbursements, for failure to perfect it in accordance with the rules of this court (22 NYCRR 670.20 [d], [f]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondent-appellant is awarded costs.

After a trial on the plaintiff husband's action for a divorce on the ground of cruel and inhuman treatment *(see,* Domestic Relations Law § 170 [1]), the hearing court determined that those difficulties afflicting the parties' 25-year marriage were insubstantial. We affirm.

Initially, we note that in order to establish cruel and inhuman treatment pursuant to Domestic Relations Law § 170 (1), it must be shown that "the conduct of the defendant so endangers the physical and mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant" *(see also, Brady v Brady,* 64 NY2d 339, 345-346; *Hessen v Hessen,* 33 NY2d 406; *Andritz v Andritz,* 131 AD2d 529, 530; *Johnson v Johnson,* 103 AD2d 820, 821). A "showing of irreconcilable or irremedial differences is insufficient by itself" *(Tsakis v Tsakis,* 110 AD2d 763, 764, *appeal dismissed* 65 NY2d 1053), and a finding that the marriage is "dead" will not satisfy the statutory requisite *(Brady v Brady, supra,* at 345-346). With regard to the deference accorded the findings of the trier of fact, we have noted that, "[t]he determination of the trial court as fact finder on the issue of cruel and inhuman treatment will not be lightly overturned" *(Rispoli v Rispoli,* 131 AD2d 556, 557, *lv denied* 70 NY2d 609). Moreover, it is well settled that, "[w]here the marriage is of long duration, the party seeking the divorce will be held to a

high degree of proof" *(Johnson v Johnson, supra,* at 821; *Brady v Brady, supra).*

At bar, the court's finding that the parties' disagreements were insubstantial and its resolution of the issue of credibility in the defendant's favor are amply supported by the record and provide no basis for setting aside the court's determination that the plaintiff failed to discharge his burden of proof *(see, Andritz v Andritz, supra).*

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.