Ester Sedgh, Plaintiff, v Majid Sedgh, Defendant. Khanbaba Sedgh, Intervenor-Defendant.

Supreme Court, Nassau County, February 21, 1989

## APPEARANCES OF COUNSEL

*Majid Sedgh,* defendant *pro se. Ester Sedgh,* plaintiff *pro se. Kane, Kessler, Provjansky, Preiss & Nurnberg* for intervenor-defendant.

## OPINION OF THE COURT

Allan L. Winick, J.

In this contested matrimonial, defendant, Majid Sedgh, moves, pendente lite, for an order directing sale of the marital premises, title to which is held by the parties as tenants by the entirety.

At present, these premises are the subject matter of two mortgage foreclosure actions brought by the holders of the mortgage, a bank and a private individual. There are also judgments against the parties which are liens against the premises.

The marital home, at present, houses the wife and the parties' children. Despite the perilous situation facing her, the wife has refused to sell the house, even though the husband has offered her alternative, albeit less comfortable, housing accommodations.

Prior to the enactment of the equitable distribution amendments to the Domestic Relations Law, section 234 gave the court the right to make directions concerning the possession of property either before or after judgment, and to determine issues of title.

It is well settled that unless the court alters the legal relationship of husband and wife by granting a divorce, an annulment, a separation, or by declaring a void marriage a nullity, it has no authority to order the sale, pendente lite, of a marital residence owned by the parties as tenants by the entirety. *(Kahn v Kahn,* 43 NY2d 203; *Tsakis v Tsakis,* 110 AD2d 763; *Stugard v Stugard,* 122 Misc 2d 571.)* Domestic Relations Law § 234 was intended only to be a procedural device to permit a court, in a matrimonial action, to determine questions of possession *(Portano v Portano,* 85 AD2d 622) arising within the action. Where the court has granted a divorce or has decreed the dissolution, annulment or declaration of nullity of a marriage, that court is empowered to dispose of the property (Domestic Relations Law § 236 [B] [5] [a]), and in addition make such order regarding the use and occupancy of the marital home and its household effects as provided in Domestic Relations Law § 234. *(See,* Domestic Relations Law § 236 [B] [5] [f].)

Disposition of the property by sale would thus be authorized only where there is a final judgment granting a divorce, annulment or declaring the nullity of a marriage. No power exists in the court to order disposition of the marital home prior to such time. *(Kahn v Kahn, supra.)*

Domestic Relations Law § 234 does not authorize disposition prior to the severance of the marriage.

A restraint on disposition can be imposed upon a party, pendente lite *(Leibowits v Leibowits,* 93 AD2d 535), but restraint does not encompass compulsory sale. A court is not empowered, even when it denies the divorce and dismisses the complaint, to order the direct sale of the marital residence held as tenants by the entirety *(Tsakis v Tsakis, supra).*

This court is aware of a contrary holding in *St. Angelo v St. Angelo* (130 Misc 2d 583), wherein Special Term in Suffolk County, under similar circumstances, directed a sale of the marital home, pendente lite.

However, no specific authority for this result is cited, merely a conclusion based upon the purpose of the equitable distribution statute and also based upon the need to preserve martial assets.

Additionally, the court is aware of the very recent case of *Klien v Klien* (NYLJ, Feb. 21, 1989, at 26, col 4). There, the lower court granted plaintiff's request to place the marital residence up for sale. Although, under the *Klien* facts, the result may be equitable, there is no authority that this court can see for granting this relief. The cases cited do not specifically support the court's position. The case of *Peters v Peters* (127 AD2d 575) does not deal with real property, rather with corporations which defendant's husband owns. There, the court appointed a receiver to preserve the marital assets, not to dispose of them.

In *Lidsky v Lidsky* (134 Misc 2d 511), there was a refinancing of the marital residence. The court specifically found that the mortgage had no effect upon the way the property was held and, therefore, did not fall within the *Kahn* proscription (at 513).

This court agrees that there can be circumstances where this need arises and ought to be dealt with before the asset is dissipated but disagrees that there is any authority to permit such a result.

Experience shows that complicated matrimonial litigation, with the increased need for discovery, causes the action to drag on for long periods of time thus increasing the peril of dissipating assets through outside forces, such as a mortgage foreclosure.

Where funds are readily available, one party can be ordered to make the mortgage payments until the finale to the litigation is reached. Where, as here, however, there is a claim of lack of assets, unencumbered by liens of creditors, available to make the payments, then the direction to make the mortgage payment would be ineffectual and merely bring into quick focus the issues which ultimately must be determined at the trial.

If there is to be any remedy, there must be a change in the law to permit the court to order such an emergent sale, but it may well be that disputed issues as to financial ability of the parties would prevent the court from making swift disposition of an application to compel a sale.

It should also be pointed out that in the *St. Angelo* case *(supra)* there was a buyer ready, willing and able to purchase the premises.

In the instant case there is no indication that such a buyer exists.

Therefore, the court denies the application.