PETERSON, Judge.
Lawton A. Gay appeals the trial court’s order dissolving a lis pendens filed by him in a pending action for dissolution of marriage initiated by his wife, Joanne Gay. The proper procedure to challenge a dissolution of a lis pendens is by petition for writ of certiorari. Hallmark Builders, Inc. v. Hickory Lakes of Brandon, Inc., 458 So.2d 45 (Fla. 2d DCA 1984); State *905 Wide Constr., Inc. v. Dowda, 424 So.2d 198 (Fla. 5th DCA1983); Cooper Village, Inc. v. Moretti, 383 So.2d 705 (Fla. 4th DCA 1980); compare Beefy King Int’l, Inc. v. Veigle, 464 F.2d 1102 (5th Cir.1972). We treat the husband’s appeal as a petition for writ of certiorari and deny the petition.
The notice of lis pendens was filed on February 25, 1991, and described two parcels of real property in Sumter County. The property consisted of an 8.02-acre commercially zoned parcel and a 45-acre parcel upon which the parties had once resided together. Both parcels are titled in the name of the wife, but she concedes that both are marital assets. The parcels were encumbered by a single mortgage in the approximate amount of $175,000 which became delinquent in July 1991 and was due in full. Both of the parties were personally obligated on the note secured by the mortgage, but neither had any financial ability to pay the mortgage. Attempts by the husband to refinance the indebtedness had been fruitless.
The wife negotiated for the sale of approximately 2.5 acres of the 8.02-acre tract for $400,000. An expert testified at the hearing that the sale price represented the fair market value of the property. When the wife petitioned for dissolution of the lis pendens as to the 2.5-acre tract, the husband objected. He stated as grounds that, although he had placed the title in his wife’s name, he had paid for the property and had expended large sums in defending the title to the property from claims by the same purchaser with whom the wife had contracted for sale. Further, he had recently sold comparable adjoining property for much more than the amount the wife had contracted for, and he had not participated in the wife’s negotiations for the sale.
The trial court heard the testimony of the parties and found that the mortgage was delinquent; the husband had neither income nor liquid assets with which to pay previously ordered alimony; the sale price represented the fair market value of the property to be sold; the property was a marital asset for purposes of equitable distribution; and any title deficiencies asserted by the husband were not relevant to the motion to dissolve the lis. pendens. The court dissolved the lis pendens as to the property to be sold and ordered that the proceeds of the sale were to be used first to discharge the indebtedness, with the remainder to be placed in escrow pending further order of the court.
We discuss the following points raised on appeal by the husband: (1) whether he has a right to maintain a notice of lis pendens because his counterclaim for dissolution and equitable distribution of marital property titled solely in his wife’s name is a request for relief based upon a duly recorded instrument; and (2) whether the trial court erred in dissolving the lis pendens prior to a final order of dissolution.
CLASSIFICATION OF PENDING ACTION
Section 48.23(3), Florida Statutes (1989), states:
When the initial pleading does not show that the action is founded on a duly recorded instrument, or on a mechanic’s lien, the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions.
Thus, if the petition for dissolution of marriage is not founded on a duly recorded instrument, the trial court may control or discharge the notice of lis pendens in a manner similar to a grant or dissolution of an injunction. The husband argues that the deed under which the wife acquired title during the marriage is the instrument of record upon which the action is founded because the deed recites that the wife is married. We disagree. The action is founded upon statutory provisions allowing the dissolution of an irretrievably broken marriage, and the award of marital assets is a collateral issue. The notation in the deed that the wife was a married woman at the time she acquired title did nothing to establish rights between the parties. Of course, if the property acquired a homestead status at the time of acceptance of delivery of the deed, or later, the husband acquired those rights, but those homestead *906 rights were not acquired simply because of the recitation of marital status in the deed.[1] We hold that the trial court was empowered to discharge the lis pendens under section 48.23(3) since the pending dissolution of marriage action was not founded upon a duly recorded instrument.
DISCHARGE OF LIS PENDENS DURING PENDENCY OF DISSOLUTION OF MARRIAGE
Normally, marital property is disposed of in the final judgment of dissolution. However, in the instant case, the trial court was faced with a situation where the husband’s objections and his failure and apparent financial inability to act invited disastrous consequences, to-wit: foreclosure of the mortgage encumbering the entire 53.02 acres, presumably representing a substantial portion of the marital assets.
No Florida cases were found on the issue of whether a marital asset titled only in the name of the spouse seeking permission to sell may be ordered sold by the trial court over objection by the other spouse during pendency of the dissolution proceedings. The husband cites Della-Giustina v. Della-Giustina, 546 So.2d 1146 (Fla. 4th DCA1989), for his assertion that “Florida law is well settled that jointly owned marital property cannot be partitioned” prior to dissolution and “the fact that bare legal title is in wife is irrelevant.” Della-Giust-ina merely held that properties titled solely in the wife’s name were “clearly marital assets subject to any claims of special equity and equitable distribution” and did not involve a prejudgment sale. Della-Giustina, 546 So.2d at 1147.
New York, like Florida, has equitable distribution statutes intended to divide marital property fairly and equitably. N.Y.Dom.Rel. § 234. In St. Angelo v. St. Angelo, 130 Misc.2d 583, 496 N.Y.S.2d 633 (N.Y.Sup.1985), prior to final judgment, the court appointed the wife as receiver to sell property held by the entireties where the husband had failed to make mortgage payments, the property was threatened by foreclosure, and the wife’s income was insufficient to make mortgage payments. In reaching its decision, the New York court admitted that it was well settled under New York law that, where a marital relationship between the parties remains unaltered, a court does not have authority to order a sale of property owned by the parties as tenants by the entirety. Kahn v. Kahn, 43 N.Y.2d 203, 401 N.Y.S.2d 47, 371 N.E.2d 809 (1977). But the court was influenced by the advent of the New York equitable distribution statutes and found that the need to provide fairness between the parties allowed the court to possess “flexibility and elasticity to mold an appropriate decree because what is fair and just in one circumstance may not be so in another.” Gordon v. Gordon, 144 Misc.2d 27, 543 N.Y.S.2d 638 (N.Y.Sup.1989) (court allowed sale of Manhattan co-op prior to final judgment of dissolution where co-op was empty and monthly maintenance was $1,960); Tanner v. Tanner, 107 A.D.2d 980, 484 N.Y.S.2d 700 (N.Y.A.D. 3 Dept. 1985) (absent extenuating circumstances, sale of home should be ordered at time of divorce judgment); St. Angelo. But see Sedgh v. Sedgh, 142 Misc.2d 931, 539 N.Y.S.2d 255 (N.Y.Sup.1989) (questioning the holding in St. Angelo, but pointing out that in St. Angelo, unlike the case before it, evidence was presented of a ready, willing, and able buyer).
Prior to the advent of equitable distribution statutes in Florida, as in New York, the trial court’s jurisdiction to control the assets of the parties was limited. See, e.g., Harder v. Harder, 264 So.2d 476 (Fla. 3d DCA 1972) (trial court is without jurisdiction to effect settlement). We believe that the court in St. Angelo recognized that one of the principal reasons the parties to a domestic relations action are before the court is their inability to agree on the management of assets, the disposition of which would be determined by the final judgment of dissolution.
*907 In the instant case, the trial court was presented with evidence that the husband’s failure and financial inability to act and his inability to offer some viable solution as an alternative to the pending foreclosure of the mortgage would probably lead to the loss of the entire 53.02 acres. A trial court should have the discretion to issue such orders as will preserve an asset or its proceeds for ultimate disposition for the benefit of both parties. The trial court properly exercised its discretion after weighing the objections of the husband against the practical financial solution offered by the wife.
Petition DENIED.
COBB and HARRIS, JJ., concur.

. We do not address the issue of a conveyance by the wife of the property without the joinder of the husband in the event that the 2.5-acre parcel ultimately is determined to constitute part of the homestead of the parties.