DELL, Chief Judge.
Roy R. Badour appeals from a final judgment of dissolution of marriage. He contends the trial court erred when it entered an income deduction order. We agree and reverse. We find no merit in the other points raised in this appeal.
The trial court made only one finding in its final judgment concerning the parties’ obligation for child support: “Respondent is presently incarcerated, but upon his release, would be well able to contribute to the support of the parties’ minor child, which support is needed by petitioner for her child.” The final judgment contains no dispositive provision establishing appellant’s obligation to provide child support nor any provision for the amount thereof. Notwithstanding the absence of these findings, the trial court provided in the final judgment for the issuance of an income deduction order:
An Income Deduction Order shall issue directing Crawford & Co. to send any funds due Respondent, ROY R. BADOUR, State Claim No. 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, for his Worker’s Compensation claim to Legal Aid Service of Broward County, Inc., Attn: Cynthia Woodward, 609 Southwest 1st Avenue, Fort Lauderdale, Florida 33301, to be deposited into Legal Aid Service’s Trust Account. A hearing shall be set as soon as funds are so deposited to determine the distribution thereof between the parties and the minor child for child support.
After entry of the final judgment, the trial court issued the income deduction order pursuant to section 61.1301(1), Florida Statutes (1993), which provides in part:
(1) ISSUANCE IN CONJUNCTION WITH AN ORDER ESTABLISHING, ENFORCING, OR MODIFYING AN OBLIGATION FOR ALIMONY OR CHILD SUPPORT.—
(a) Upon the entry of an order establishing, enforcing, or modifying an obligation for alimony, for child support, or for alimony and child support, the court shall *512enter a separate order for income deduction if one has not been entered....
Since the final judgment does not contain findings establishing the amount of appellant’s obligation for child support or a dispos-itive provision compelling him to pay child support, the income deduction order must be reversed.
The trial court’s order makes it apparent that the court intended to preserve for distribution between the parties and as child support for the minor child such funds as might be received by appellant from his workers’ compensation claim. A trial court has discretion to enter orders to preserve marital assets of the parties for subsequent distribution. Gay v. Gay, 604 So.2d 904, 907 (Fla. 5th DCA 1992); see, e.g., Sandstrom v. Sandstrom, 565 So.2d 914, 914-15 (Fla. 4th DCA 1990) (holding that trial courts, pursuant to § 61.11, Fla.Stat. (1989), may enjoin a spouse’s attempt to dissipate marital assets before the final judgment for the protection of future alimony awards and that trial courts may issue injunctive orders pursuant to rule 1.610, Fla.R.Civ.P., to protect marital assets for equitable distribution); Failla v. Failla, 379 So.2d 1329, 1330 (Fla. 3d DCA 1980) (holding no abuse of discretion shown where trial court entered interlocutory order enjoining husband from removing assets claimed by wife); McRae v. McRae, 52 So.2d 908, 909 (Fla.1951) (holding courts of equity have the inherent power to protect children and to do all things necessary for the administration of justice and thus may enjoin a party’s attempt to defeat court orders through alienation of property); see also § 61.12, Fla.Stat. (1993). However, the present record fails to show whether any funds that may be derived from the workers’ compensation claim will be subject to equitable distribution or to garnishment as provided in section 61.12.
Accordingly, we reverse the income deduction order and that part of the final judgment providing for same. We remand this cause to the trial court with leave to conduct such further hearings and to enter such further orders as may be necessary to establish the amount of and the parties’ responsibility for child support. If sufficient proceeds remain after making appropriate disposition for child support, the trial court may equitably distribute the balance taking into consideration the court’s previous provisions for equitable distribution. In all other respects we affirm the final judgment.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
WARNER and KLEIN, JJ., concur.